IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE and ACTION NC, <br><br>   Plaintiffs, <br><br>      v. <br><br>THE NORTH CAROLINA STATE BOARD OF ELECTIONS; DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; and JOSH STEIN, in his official capacity as ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA, <br><br>   Defendants. | Civil Action No. 20-cv-876 <br><br><br>**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND REQUEST TO EXPEDITE** |

Plaintiffs the North Carolina A. Philip Randolph Institute ("NC APRI") and Action NC (collectively, "Plaintiffs") hereby respectfully request, pursuant to Federal Rule of Civil Procedure 65(a)(1), that the Court issue a preliminary injunction enjoining Defendants from enforcing N.C. GEN. STAT. § 163-275(5) (the "Strict Liability Voting Law").

As set forth in Plaintiffs' Complaint, the Strict Liability Voting Law is a racially discriminatory relic of the nineteenth century that imposes stringent criminal penalties on voting by North Carolina residents who are on parole, probation or post-release supervision for a felony conviction—*even if those individuals mistakenly believe they are eligible to vote*. Violating the vague Strict Liability Voting Law is a Class I felony that carries a penalty of up two years in prison. N.C. GEN. STAT. § 15A-1340.17. While virtually every other election crime punishable as a Class I felony in North Carolina requires fraudulent intent, *see, e.g., id.* §§ 163-275(1, 3–4, 7–9), the Strict Liability Voting Law has no *mens rea* requirement whatsoever.

Recent high-profile prosecutions of individuals who mistakenly voted before sentence completion have had a far-reaching chilling effect. Eligible North Carolina residents with criminal convictions are now too scared to cast a ballot, for fear of unintentionally violating the Strict Liability Voting Law and facing felony charges. This chilling effect has been particularly pronounced in the State's Black communities, as the overwhelming majority of individuals prosecuted for violating the Strict Liability Voting Law are Black.

The Strict Liability Voting Law has substantially impeded Plaintiffs' efforts to carry out their core missions of increasing political participation by individuals in Black and low-income communities. Plaintiffs are particularly concerned that the Strict Liability Voting Law will deter voting by individuals who have completed all aspects of their sentences but for the payment of fines, fees and/or restitution. These individuals are now eligible to vote under the Wake County Superior Court's decisions in *Comm. Success Initiative v. Moore*, No. 19-CVS-15941 (N.C. Super. Ct. Sept. 4, 2020) (Exhibits 13–14). Yet many are nevertheless afraid to vote in the upcoming election for fear of criminal prosecution under the Strict Liability Voting Law.

Preliminary injunctive relief is warranted because (1) Plaintiffs are "likely to succeed on the merits" of their claims that the Strict Liability Voting Law violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution; (2) Plaintiffs "will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in their favor; and (4) the injunction is in the public interest." *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Absent timely injunctive relief from this Court, Plaintiffs will suffer irreparable harm because the Strict Liability Voting Law will make it substantially more difficult for them to mobilize eligible voters with past criminal convictions to vote in the upcoming election.

Accordingly, Plaintiffs respectfully request that the Court preliminarily enjoin Defendants from enforcing the Strict Liability Voting Law. Plaintiffs also respectfully

request expedited briefing and consideration of this motion in view of the upcoming election. Specifically, Plaintiffs ask that the Court shorten the requirements of Local Civil Rule 7.3 to require Defendants' response within fourteen days of service of this Motion and Plaintiffs' reply within five days of service of the response. Plaintiffs conferred with opposing counsel and at this time they are unable to give consent to our request for expedited consideration of Plaintiffs' Motion for Preliminary Injunction. Finally, Plaintiffs respectfully request leave to present oral argument in support of this Motion.

This Motion is supported by the contemporaneously filed Memorandum of Law, and accompanying declarations and exhibits, and any additional submissions that may be considered by the Court.

Dated: September 24, 2020

By: /s/ Allison J. Riggs

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood (*special appearance forthcoming*)<br>Nihara K. Choudhri (*special appearance forthcoming*)<br>Andrew B. Garber (*special appearance forthcoming*)<br>425 Lexington Avenue<br>New York, NY 10017<br>Tel: (212) 455-2000<br>Fax: (212) 455-2502<br>jyoungwood@stblaw.com<br>nchoudhri@stblaw.com<br>andrew.garber@stblaw.com | SOUTHERN COALITION FOR SOCIAL JUSTICE<br>Allison J. Riggs (State Bar No. 40028)<br>1415 West Highway 54, Suite 101<br>Durham, NC 27707<br>Tel: (919) 323-3380<br>Fax: (919) 323-3942<br>allisonriggs@southerncoalition.org<br><br>*Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I certify that on the 24th day of September, 2020, the foregoing Motion for a Preliminary Injunction and Request to Expedite was served by electronic mail to Defendants' Counsel, Alec McC. Peters, Chief Deputy Attorney General at the address apeters@ncdoj.gov, and Katelyn Love, General Counsel for the North Carolina State Board of Elections, at the address Katelyn.Love@ncsbe.gov, with consent of counsel to accept service in this manner.

/s/ Allison J. Riggs
Allison J. Riggs