# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE and ACTION NC,<br><br>   Plaintiffs,<br><br>      v.<br><br>THE NORTH CAROLINA STATE BOARD OF ELECTIONS; DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; and JOSH STEIN, in his official capacity as ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA,<br><br>   Defendants. | Civil Action No.<br>1:20-cv-00876<br><br><br><br>**PLAINTIFFS' MOTION TO AMEND THE <u>COMPLAINT</u>** |

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20(a)(2), the North Carolina A. Philip Randolph Institute and Action NC (collectively, "Plaintiffs") move for leave to amend their Complaint to name the State's district attorneys as additional defendants and to make certain other minor changes to the Complaint. Counsel for Defendants have advised Plaintiffs that they do not consent to this Motion. Thus, for the reasons set forth below, Plaintiffs respectfully request the Court grant leave to amend.

## INTRODUCTION

On September 24, 2020, Plaintiffs brought suit under 42 U.S.C. § 1983 to challenge N.C. GEN. STAT. § 163-275(5) (the "Strict Liability Voting Law"), a racially discriminatory relic of the nineteenth century that imposes stringent criminal penalties on voting by North Carolina residents who are on parole, probation or post-release supervision for a felony conviction—*even if those individuals mistakenly believe they are eligible to vote*. Plaintiffs named as defendants the North Carolina State Board of Elections ("NCSBE"), the members of the NCSBE and the Executive Director of the NCSBE (collectively, the "NCSBE Defendants"), and the Attorney General (together with the NCSBE Defendants, "Defendants"). Contemporaneously with the filing of the complaint, Plaintiffs filed a motion for a preliminary injunction (the "PI Motion") to enjoin Defendants from enforcing the Strict Liability Voting Law in time for eligible voters with criminal convictions to register to vote and vote in the November 3, 2020 General Election.

Defendants opposed the PI Motion on the grounds that, *inter alia*, the

1

requirements for Article III standing and the *Ex parte Young* exception for sovereign immunity were not met. Defendants argued that Plaintiffs should have brought suit against the State's district attorneys, whom Defendants characterized as "necessary parties" because the State's district attorneys "are authorized to prosecute . . . violations" of the Strict Liability Voting Law. Dkt. 16 at 2. Defendants contended that "[t]he only prosecutions under this statute which appear to have occurred . . . were brought by the district attorneys of Alamance and Hoke Counties. And yet, Plaintiffs have named no district attorney in this lawsuit." *Id.* at 16. Defendants also moved to dismiss the Complaint on the basis of these same arguments. Dkt. 19 at 18.[1]

On November 4, 2020, Magistrate Judge Webster issued a Memorandum Opinion and Recommendation ("R&R") recommending, *inter alia*, that the Court find Article III standing and the *Ex parte Young* exception satisfied as to the NCSBE Defendants. However, the Magistrate Judge recommended that the Court dismiss Plaintiffs' claims against the Attorney General. In making this recommendation, the Magistrate Judge emphasized that "[i]n fact, it is the State district attorneys that have been conferred specific statutory to prosecute" violations of the Strict Liability Voting Law. Dkt. 24 at 12. Plaintiffs objected to the R&R solely with respect to the Magistrate Judge's

---

[1] Defendants filed their Motion to Dismiss on October 16, 2020. Dkts. 18 & 19. On November 9, 2020, the Court granted Plaintiffs' unopposed motion for an extension to respond to Defendants' Motion to Dismiss until December 7, 2020. Because more than 21 days have passed since Defendants filed their Motion to Dismiss, Plaintiffs may amend their Complaint "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1)(B), (a)(2).

recommended dismissal of Plaintiffs' claims against the Attorney General. In response to Plaintiffs' objections, Defendants again underscored the pivotal role of the State's district attorneys in enforcing the Strict Liability Voting Law. Dkt. 28 at 2, 10.

Plaintiffs now seek leave to file an amended complaint pursuant to Rules 15(a)(2) and 20(a)(2) in order to name the State's district attorneys as additional defendants. Plaintiffs maintain that the NCSBE Defendants and the Attorney General are proper defendants in this action. Indeed, Defendants did not object to the R&R, and have therefore waived any challenge to the Magistrate Judge's recommended ruling that the NCSBE Defendants are proper defendants. However, Plaintiffs recognize that the State's district attorneys also play an important role in the enforcement of the Strict Liability Voting Law. Plaintiffs seek this Court's leave to name the district attorneys as additional defendants in order to avoid any issue in this Court or on appeal that the district attorneys are necessary parties, as well as to avoid any risk that the one or more of the district attorneys might seek to intervene in this case at a later date.

Plaintiffs' proposed amendments also include (i) the deletion of allegations concerning the need for expedited resolution, given that the November 3, 2020 General Election has now passed, and (ii) additional allegations concerning Defendants' role in the enforcement of the Strict Liability Voting Law, which mirror the arguments made in Plaintiffs' briefs in support of the PI Motion. Attached as Exhibit A is a redline of the amendments to the original Complaint; a clean copy of the filing-ready proposed

3

amended complaint is attached as Exhibit B.

Although Defendants have repeatedly argued that the district attorneys are proper—indeed, *necessary*—parties to this action, counsel for Defendants have advised Plaintiffs that they do not consent to Plaintiffs' motion for leave to amend (the "Motion") and intend to oppose the Motion. Defendants offered no explanation for their position, and it is difficult to imagine what the basis for opposition might be. First, this is Plaintiffs' first request for leave to amend. Second, no scheduling order has been issued and no discovery has been conducted. Defendants can claim no prejudice from the addition of new defendants and other minor changes to the Complaint at this early stage of the litigation, less than three months after Plaintiffs brought suit. Third, the addition of the district attorneys is plainly not futile, as Defendants have themselves argued that the district attorneys are proper parties to this litigation and that an injunction against the district attorneys is necessary to ensure that Plaintiffs obtain complete relief. *See, e.g.*, Dkt. 16 at 20 ("[E]ven if the Court entered an injunction against these Defendants, district attorneys would remain free to continue prosecuting this crime. The alleged fear of prosecution would continue unabated . . . ."). Fourth, Plaintiffs' proposed changes to the allegations concerning Defendants' role in the enforcement of the Strict Liability Voting Law merely conform the Complaint to the arguments made in the briefings on the PI Motion, which Defendants have already responded to and the Magistrate Judge relied on when issuing the R&R. Finally, Plaintiffs' other proposed changes, such as eliminating

allegations concerning an election that has now passed, are substantively insignificant. Therefore, this Court should grant Plaintiffs' leave to file the proposed amended complaint.

## I. Leave to Amend Is Warranted Pursuant to Rules 15(a)(2) and 20(a)(2).

Under Rule 15, "[t]he [C]ourt should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has instructed that motions to amend should be liberally allowed. *See Galustian v. Peter,* 591 F.3d 724, 729 (4th Cir. 2010) ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)."); *see also Ronald J. and Dana Cohen Family Ltd. Partnership v. City of Capitals, Inc.*, Nos. 87-1001, 87-1002, 1987 WL 44680, at *2 (4th Cir. 1987) ("In this day of liberality in allowing amendment of pleadings to achieve the ends of justice, leave to amend should be freely given.").[2]

"[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (holding "the district court abused its discretion in denying [plaintiff]'s motion . . . to amend"). Because none of these circumstances is present here, this Court should grant Plaintiffs' leave to amend.

---

[2] Unless otherwise noted, internal quotation marks, alterations and citations are omitted throughout.

### A. The proposed addition of the district attorneys as defendants satisfies Rule 20(a)(2)'s requirements.

When plaintiffs seek leave to amend to name additional defendants, a court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Finishmaster, Inc. v. Booth*, No. 1:15-cv-1042, 2017 WL 10925131, at *1 (M.D.N.C. Jan. 5, 2017). Rule 20(a)(2) provides that:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

Courts have "wide discretion" to permit amendments naming additional defendants under Rule 20(a). *Finishmaster*, 2017 WL 10925131, at *1. "[J]oinder of claims, parties and remedies is strongly encouraged" to permit "the broadest possible scope of action consistent with fairness to the parties." *Id.* Courts therefore routinely grant motions to amend to add additional defendants. *See, e.g.*, *Boardman v. Clark*, No. 9:10-cv-2222, 2011 WL 13137676, at *2 (D.S.C. Feb. 9, 2011) (granting leave to amend to add a new defendant and finding that "the proposed amendment promotes the interest of judicial economy"); *see also Joy v. Countrywide Fin. Corp.*, No. 5:10-cv-218-FL, 2011 WL 3652697 (E.D.N.C. Aug. 19, 2011) (granting leave to amend to name eight additional defendants).

Here, Plaintiffs' claims against the district attorneys arise out of the enforcement

6

of the Strict Liability Voting Law at issue in this action, and raise the same questions concerning the constitutionality of that law. Rule 20(a)(2)'s requirements are therefore easily satisfied here. *See, e.g.*, *Finishmaster*, 2017 WL 10925131, at *2 (finding Rule 20(a)(2)'s requirements satisfied with respect to a proposed additional defendant where the claims arose "out of the same occurrences" and there were "a number of questions of law or fact common" to the existing defendant and the proposed additional defendant).

### B. Granting leave to amend would not prejudice Defendants.

The proposed amendments would in no way prejudice Defendants, as this action is in its infancy. *See Ward Electronics Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (finding the defendant could not have been prejudiced by the proposed amendment because "the action was only three months old"). No scheduling order has been issued, discovery has not commenced, and there is no trial date on the horizon. *See, e.g.*, *State of N.C. ex rel. Long v. Alexander & Alexander Serv., Inc.*, 711 F. Supp. 257, 260 (E.D.N.C. 1989) ("Since plaintiff's request to amend was not made shortly before or during trial, the inconvenience that may result to the defendants [from potentially having to "prepare new defenses and conduct additional discovery"] does not rise to the level of prejudice which would warrant its denial"); *Finishmaster,* 2017 WL 10925131, at *2 (finding defendant would not be prejudiced by the addition of a new defendant where trial was not imminent); *Someecards, Inc. v. Snarkecards, LLC*, No. 3:14-cv-097-FDW-DCK, 2014 WL 1765096, at *1 (W.D.N.C. May 2, 2014) (finding defendant would not be prejudiced by the addition of a new defendant where "there has

7

been no initial attorney's conference and . . . no discovery has taken place thus far"); *Spellbound Dev. Grp., Inc. v. Pacific Handy Cutter, Inc.*, No. SA-cv-09-951-DOC (ANx), 2010 WL 11509228, at *2 (C.D. Cal. Aug. 31, 2010) (finding defendant would not be prejudiced by the addition of a new defendant where "[t]he lawsuit remains in the preliminary stages and the discovery cut off and trial dates are months away").

The proposed amendments do not raise any new legal issues against Defendants. *See, e.g.*, *Campbell Alliance Grp., Inc. v. Dandekar*, No. 5:13-cv-00415-FL, 2013 WL 12144048, at *3 (E.D.N.C. Dec. 23, 2013) (granting motion to add a new defendant, and finding it significant that "[n]o new legal issues are raised against the original defendants by the addition of [the new party] as a defendant"). While Plaintiffs seek to amend the complaint to add certain limited allegations concerning the Defendants' role in the enforcement of the Strict Liability Voting Law, *see* Ex. A at ¶¶ 16, 20-21, these allegations mirror the arguments made in the briefings on the PI Motion and Defendants have already had an opportunity to address those arguments. Defendants cannot reasonably claim any prejudice as to the addition of these allegations.

Finally, Defendants were well aware of the possibility that Plaintiffs might amend their Complaint to name the district attorneys as defendants, as Defendants themselves argued that the district attorneys are proper defendants here. *See, e.g.*, *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the

amendment could not in any way prejudice the preparation of defendant's case.").

## C. Plaintiffs have not unduly delayed in seeking leave to amend.

Plaintiffs have sought leave to amend in a timely manner, within three months of the commencement of this action. *See Carter v. Mayor and City Council of Baltimore*, No. Civ. H-01-1024, 2001 WL 793308, at *5 (D. Md. July 11, 2001) (finding that "there has been no undue delay" in the filing of a motion to amend to add new defendants because "[t]his action has been pending in this Court for merely three months"); *see also Ada Liss Grp. v. Sara Lee Branded Apparel*, No. 1:06-cv-610, 2007 WL 634083, at *2 (M.D.N.C. Feb. 26, 2007) (finding a motion to amend to add a new defendant three months after the additional defendant was spun off from an existing defendant was "not dilatory"). Notably, Plaintiffs are seeking leave to amend just weeks after the Magistrate Judge issued an R&R emphasizing the district attorneys' statutory role in enforcing the Strict Liability Voting Law, and recommending the dismissal of Plaintiffs' claims against the Attorney General.

Even if Defendants nonetheless argue that Plaintiffs should have sought to amend their complaint sooner, the Fourth Circuit has unequivocally instructed that "[d]elay alone . . . is an insufficient reason to deny the plaintiff's motion to amend." *Laber*, 438 F.3d at 427. In *Davis*, the Fourth Circuit found a delay of four months insufficient to warrant the denial of leave to amend. 615 F.2d at 613. The Fourth Circuit explained that "[d]elay alone, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial." *Id.* As in

9

*Davis*, any purported delay in amending the complaint during the past three months does not justify denial of leave to amend, as Defendants have not been specifically prejudiced as a result, and Plaintiffs have proceeded in good faith with no "design . . . to harass" Defendants.

### D. The proposed amendments are not futile.

Defendants cannot possibly argue that the proposed amendments are futile, particularly since Defendants have asserted in their Motion to Dismiss that Plaintiffs should have named the district attorneys as defendants in this action. *See, e.g., Central States Se. and Sw. Areas Pension Fund v. Cargo Carriers, Inc.*, No. 1:11-cv-461, 2013 WL 3816566, at *6 (M.D.N.C. July 22, 2013) (finding proposed amendments were not futile where the "proposed Amended Complaint is not clearly insufficient or frivolous on its face").

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully move this Court to grant leave to amend.

Dated: December 7, 2020

By:    /s/ Mitchell D. Brown

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood (*specially appearing*)<br>Nihara K. Choudhri (*specially appearing*)<br>Andrew B. Garber (*specially appearing*)<br>425 Lexington Avenue<br>New York, NY 10017<br>Tel: (212) 455-2000<br>Fax: (212) 455-2502<br>jyoungwood@stblaw.com<br>nchoudhri@stblaw.com<br>andrew.garber@stblaw.com | SOUTHERN COALITION FOR SOCIAL JUSTICE<br>Allison J. Riggs (State Bar No. 40028)<br>Mitchell D. Brown (State Bar No. 56122)<br>1415 West Highway 54, Suite 101<br>Durham, NC 27707<br>Tel: (919) 323-3380<br>Fax: (919) 323-3942<br>allisonriggs@southerncoalition.org<br>mitchellbrown@scsj.org |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on the 7th day of December, 2020, the foregoing Motion to Amend the Complaint, and all Exhibits thereto, was served by electronic mail to Defendants' Counsel, Terence Steed, Special Deputy Attorney General, at the address tsteed@ncdoj.gov, with consent of counsel to accept service in this manner.

/s/ Mitchell D. Brown  
Mitchell D. Brown