UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-cv-876

| | |
|---|---|
| NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE, and ACTION, NC, <br><br> Plaintiffs, <br> v. <br><br> THE NORTH CAROLINA STATE BOARD OF ELECTIONS; et al., <br><br> Defendants. | **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS** |

Defendants provide this Reply to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint, pursuant to Rule 12(b)(1), (2), and (6).

For all matters not directly addressed below, Defendants rely upon the arguments contained in their initial Memorandum of Law in Support of this Motion to Dismiss. [D.E. 19].

## STATEMENT OF FACTS

Defendants rely upon the Statement of Facts contained within their initial motion to dismiss. [D.E. 19 at 3-4]. Pursuant to L.R. 7.2(a), Defendants submit the following statement of the additional facts that Defendants believe would be helpful to the Court.

On October 16, 2020, Defendants' filed a motion to dismiss pursuant to Fed. Rule Civ. P. 12(b)(1), (2), and (6). [D.E. 18, 19]. Defendants simultaneously responded to Plaintiffs' motion for preliminary injunction, [D.E. 2, 3], requesting the Court to deny it.

1

[D.E. 16]. In these filings, Defendants argued that this Court lacks jurisdiction, Defendants are entitled to Eleventh Amendment Immunity, and Plaintiffs failed to state a claim upon which relief can be granted. *Id.*

On November 4, 2020, Magistrate Judge Webster issued an Opinion and Recommendation finding that Plaintiffs established standing as to Defendant the North Carolina State Board of Elections but failed to demonstrate any irreparable harm. Judge Webster recommended denial of the motion for preliminary injunction. [D.E. 24 at 17-20].

Judge Webster also found that Plaintiffs lacked standing as to any claims against Attorney General Stein, because there was no causal connection between the Attorney General and the threat of prosecution under this statute. Accordingly, Judge Webster recommended dismissal of the Attorney General as a defendant. *Id.* at 12-13, 20.

Plaintiffs objected to this Opinion and Recommendation to the extent that Judge Webster recommended that Attorney General Stein should be dismissed due to lack of standing. [D.E. 27 at 1]. Defendants filed a response to that objection on December 2, 2020. [D.E. 28]. Additionally, on December 7, 2020, Plaintiffs filed a response to the motion to dismiss and moved to amend the complaint. [D.E. 29, 30].

## LEGAL ARGUMENT

I. **PLAINTIFFS' PENDING MOTION TO AMEND DOES NOT MOOT DEFENDANTS' MOTION TO DISMISS.**

Plaintiffs' threshold argument is that the motion to dismiss is moot because they have sought to amend the complaint. [D.E. 30 at 11]. Pursuant to Rule 15, when a party moves to dismiss pursuant to Rule 12(b), the plaintiff may amend the complaint within 21

2

days of the filing of the motion as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' amended complaint would then become the operative complaint, thus mooting the original complaint and any motion to dismiss the original complaint. *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"). However, when the 21-day period has run without the plaintiff seeking to amend, the plaintiff must seek the consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2).

Here, Plaintiffs did not amend its pleadings prior to the 21 day deadline such that a motion pursuant to Rule 15(a)(2) was required. Defendants object to the proposed amendments as futile. Thus, Plaintiffs must first seek leave to amend from this Court under Rule 15. Fed. R. Civ. P. 15(a)(1)(B). Unless and until that motion is granted, the original complaint remains the operative complaint for Defendants' motion to dismiss. *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 329 (4th Cir. 2012) ("[A]n amended complaint is not actually 'filed' until the court grants 'leave' for the amendment."); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("an amendment that has been filed or served without leave of court . . . is without legal effect").

Moreover, an amendment is futile where it would not survive a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Woods v. Boeing Co.*, 841 F.Supp.2d 925, 930 (D.S.C. 2012). Here, the proposed amended complaint makes no substantive change to the allegations against the Defendants that would moot the arguments in this pending motion to dismiss. In fact, Plaintiffs stated that the proposed amended

3

complaint seeks only "to name the district attorneys as additional defendants, and to make certain other minor changes to the Complaint." [D.E. 30 at 4]. Finally, Plaintiffs expressly stated that "[t]he proposed amendments do not raise any new legal issues against Defendants." [D.E. 29 at 9].

Thus, judicial efficiency would be better served by hearing the motion to dismiss prior to, or concurrent to, the motion to amend rather than requiring Defendants to refile their motion, thereby restarting the briefing process where the allegations are unchanged.

## II. DEFENDANTS ARE ENTITLED TO DISMISSAL BASED ON ELEVENTH AMENDMENT IMMUNITY AND LACK OF STANDING.

Defendants' motion to dismiss argued that this Court lacks subject matter jurisdiction over the claims and personal jurisdiction over these Defendants because Defendants are entitled to Eleventh Amendment Immunity and because Plaintiffs lack standing to bring suit against these Defendants. [D.E. 19 at 7-18]. Defendants additionally articulated the reasons why the *Ex Parte Young* exception to Eleventh Amendment Immunity does not apply here. [D.E. 19 at 7-18].

In Parts II-A and -B of their response, Plaintiffs seek to overcome Defendants' argument that the State Board Defendants and the Attorney General lack the requisite connection with the enforcement of the statute under challenge, N.C.G.S. § 163-275(5). However, Magistrate Judge Webster previously found that the State Board Defendants are proper parties. [D.E. 24 at 16-17]. Nonetheless, for the reasons stated in support of Defendants' motion to dismiss, the State Board Defendants lack a sufficient connection to the statute under challenge. [D.E. 19 at 9-11].

4

Case 1:20-cv-00876-LCB-JLW   Document 31   Filed 12/21/20   Page 4 of 14

In Part II-B, addressing the relation of the Attorney General to section 163-275(5), Plaintiffs rely on several other North Carolina statutes to string together a purported connection between the Attorney General and the challenged statute. [D.E. 30 at 14-19]. These statutes are the same statutes that Judge Webster analyzed and concluded did not create a causal connection between the Attorney General and alleged injuries caused by this statute. [D.E. 24 at 12-14]. The Attorney General simply does not enforce section 163-275(5), district attorneys do. *See* N.C.G.S. § 163-278 (conferring on "the district attorney" the duty to prosecute under this statute).

To buttress their argument that the Attorney General has a requisite connection to enforcement of section 163-275(5), Plaintiffs cite section 114-11.6, which establishes a Special Prosecution Division of the Attorney General's Office, and vests attorneys working in that Division with authority to assist district attorneys in the prosecution of criminal cases when requested by the district attorney and approved by the Attorney General. [D.E. 30 at 14-17]. Plaintiffs rely on several district court decisions in North Carolina where courts analyzed whether the Attorney General's enforcement or threatened enforcement of sex offender registration statutes pursuant to section 114-11.6 creates a sufficient nexus for the *Ex parte Young* exception to sovereign immunity. [D.E. 30 at 14-15 (citing *Meredith v. Stein*, No. 5:17-CV-528-BO, 2018 U.S. Dist. LEXIS 74214, at *2-3 (E.D.N.C. May 2, 2018); *Grabarczyk v. Stein*, No. 5:19-CV-48-BO, 2020 U.S. Dist. LEXIS 83356, at *1-2 (E.D.N.C. May 12, 2020); *Doe v. Cooper*, 40 F. Supp. 3d 657, 666-68 (M.D.N.C. 2014); *Martin v. Cooper*, No. 2:19-CV-2-BO, 2019 U.S. Dist. LEXIS 173458, at *4-6 (E.D.N.C. Oct. 5, 2019); and *Nat'l Ass'n for Rational Sexual Offense Laws v. Stein*, No.

5

1:17CV53, 2019 U.S. Dist. LEXIS 126617, at *1-2 (M.D.N.C. July 30, 2019)).

Those cases are inapposite. In none of the cases was the specific statutory authority to enforce the challenged statute expressly vested by in a different law enforcement entity, as is true here. Unlike sex offender registration violations, the prosecution of which is not specifically committed to district attorneys, state law commits the prosecution of the felony under challenge here to district attorneys. *Compare* N.C.G.S. § 14-208.11(a2) (noting only that a person failing to register is "subject to the jurisdiction of the prosecutorial and judicial district" where they failed to register), *with id.* § 163-278 (authorizing only "district attorney[s]" to prosecute). Therefore, the district courts opinions cited by Plaintiffs stem from distinguishable factual circumstances and feature different legal underpinnings, and are not controlling here.

Plaintiffs also argue that section 114-2(1), which confers authority on the Attorney General to handle state criminal appeals, creates a sufficient connection with the statute under challenge. Plaintiffs highlight a decision from the Southern District of Indiana, which relied on the Indiana attorney general's authority to defend convictions on appeal to create a connection to the statutes under challenge. [D.E. 30 at 17-18 (citing *Whole Woman's Health Alliance v. Hill*, 377 F. Supp. 3d 924 (S.D. Ind. 2019)]. However, *Whole Woman's Health Alliance v. Hill* is distinguishable because it involved a blanket challenge to Indiana's many statutory and regulatory restrictions on providing and obtaining abortions. 377 F. Supp. 3d 924, 928 (S.D. Ind. 2019). It was not focused on a single statute, or a single authority granted to the Attorney General, but rather the Court found the Attorney General was a proper party because he was "intimately bound up with

6

criminal enforcement at every stage after the initial charges are laid—at his option at trial, and by statutory command on appeal." *Id.* at 936. Specifically, the Indiana Attorney General was authorized to "join [prosecutions] when he sees fit." *Id.* at 935. This is not a power delegated to the Attorney General of North Carolina, thus this out-of-district case is not as persuasive as Plaintiffs suggest.

In Part II-C of the response, Plaintiffs argue that in the absence of specific renunciation of any intent to enforce a statute by the State Board and the Attorney General, the Court should *assume* Defendants intend to enforce it. [D.E. 30 at 19-20]. In support of this theory, Plaintiffs rely on an Eighth Circuit decision in which the Attorney General of Minnesota chose to expressly disclaim any future prosecutions. *281 Care Comm. v. Arneson*, 766 F.3d 774, 796-97 (8th Cir. 2014). That reliance is misplaced. The court was not announcing a new rule that, in order to preserve constitutional immunity, an official must affirmatively disclaim any intent to enforce a provision that the official had never before enforced. The court instead reiterated the limits of the *Ex parte Young* exception in that it "only applies against officials 'who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution.'" *Id.* at 797 (quoting *Ex parte Young*, 209 U.S. 123, 156 (1908)). Critically, the Eighth Circuit held that the particular government officer must have a "demonstrated willingness" to enforce a challenged statute, and that the *Ex parte Young* exception does not apply if the official "has neither enforced nor threatened to enforce the statute challenged as unconstitutional." *Id.* (quoting *Kitchen v. Herbert*, 755 F.3d 1193, 1201 (10th Cir. 2014); *McNeilus Truck & Mfg., Inc. v.*

7

*Ohio ex rel. Montgomery*, 226 F.3d 429, 438 (6th Cir. 2000); and *Okpalobi v. Foster*, 244 F.3d 405, 417 (5th Cir. 2001)).

Here, there is no such "demonstrated willingness" by any Defendants to enforce section 163-275(5). Instead, it is undisputed that the Attorney General has never enforced or threatened to enforce the statute. *Id.*; [D.E. 19 at 14]. In addition to lacking statutory authority to prosecute any criminal statute, the State Board has recently issued a new policy in which it makes clear that these types of violations are not a priority for its investigators. [D.E. 19 at 9-11, citing 17-4]. In the light of that policy change, Plaintiffs fail to show that the State Board is committed to investigating or is threatening to investigate unintentional violations of section 163-275(5). Thus, Defendants are entitled to dismissal pursuant to Eleventh Amendment immunity.

### III. PLAINTIFFS LACK ARTICLE III STANDING.

Plaintiffs maintain that they can meet all elements of standing – injury, causation and redressability – with respect to both the State Board Defendants and the Attorney General. [D.E. 30 at 20-26]. They fail to demonstrate these elements, however.

Although Judge Webster concluded that the Plaintiffs alleged an injury-in-fact that is traceable to the actions of the State Board and the proposed relief would provide a tangible benefit to Plaintiffs, [D.E. 24 at 9-15], Defendants respectfully maintain that these elements have not been met, as explained in Defendants' opening brief. [D.E. 19 at 16-18].

Unlike the determination with regard to the State Board Defendants, Judge Webster concluded that Plaintiffs failed to properly allege an injury that was traceable to the

8

Attorney General.[1] *Id*. at 11-14.  For reasons explained in the opening brief in support of this motion to dismiss, [D.E. 19 at 9-15], Defendants agree that the Attorney General should be dismissed for lack of traceability and redressability, in addition to the speculative injury-in-fact alleged.

Plaintiffs' arguments regarding traceability mirror those contained in their objection to Judge Webster's Opinion and Recommendation and would require the Court to find that Judge Webster ruled in error.  [D.E. 30 at 23-25].  Plaintiffs are mistaken.

The complaint and even the proposed amended complaint lack any allegation that the Attorney General prosecuted or threatened to prosecute under this criminal statute; Plaintiffs allege only that district attorneys have done so.  [D.E. 1, ¶¶ 4, 50, 53].  District attorneys are independently elected judicial officers that are not under the supervision of the Attorney General.  *See* N.C. Const. art. IV § 18; N.C.G.S. §§ 7A-60, -61, -66.  At most, the Attorney General may "consult with and advise" district attorneys, "when requested by them." N.C.G.S. § 114-2(4).  The Attorney General plays no role in a district attorney's decision to prosecute violations of the statute at issue.

Plaintiffs have not alleged or argued, nor can they, that the Attorney General is investigating, prosecuting or threatening to prosecute crimes under this statute.  [D.E. 1, ¶ 22].  Moreover, a review of the opinions issued by the Attorney General's Office, pursuant to N.C.G.S. § 114-2(5), reveals no instance in which the Attorney General has issued an

---

[1] Judge Webster never reached the question of redressability with respect to the Attorney General.  [D.E. 24 at 14].

9

advisory opinion regarding the statute under challenge.[2]  A search of the opinions issued by the North Carolina appellate courts similarly revealed no instance in which the Attorney General defended a conviction under section 163-275(5).  Plaintiffs did not cite to, and the undersigned has been unable to locate any records of the Attorney General having been requested by a district attorney to prosecute or assist in the prosecution of a violation of 163-275(5), pursuant to section 114-11.6.

Moreover, the single allegation directed at the Attorney General that Plaintiffs seek to introduce in the proposed amended complaint does nothing more than reference the statutes already argued by Plaintiffs in their previous filings and rejected by Judge Webster. [D.E. 29-1, ¶21].   Therefore, nothing in the operative complaint or the proposed amended complaint alters the analysis that Plaintiffs fail to allege an injury traceable to the Attorney General.

Finally, as organizational Plaintiffs indirectly affected by the enforcement of this statute by non-parties against other non-parties, standing requirements are substantially more difficult for these Plaintiffs to satisfy.  *Lane v. Holder*, 703 F.3d 668, 673 (4th Cir. 2012) (quoting *Frank Krasner Enters., Ltd. v. Montgomery County*, 401 F.3d 230, 234-35 (4th Cir. 2005) ("[W]hen a plaintiff is not the direct subject of government action, but rather when the 'asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of someone else,' satisfying standing requirements will be 'substantially more difficult.'").  This is particularly true here, where Plaintiffs require the

---

[2]     https://ncdoj.gov/legal-services/legal-opinions-directory/.

Court to trace their alleged injury (frustration in their mission to register voters) through an attenuated multi-step causal chain.

In their effort to trace the alleged injury to the Attorney General, Plaintiffs contend that the statute under challenge has been enforced by non-party district attorneys against non-party felony voters, thereby causing other non-party former felons who are eligible to vote to refuse to register to vote out of fear of prosecution when Plaintiffs sought to register them. On top of this complex causal chain, Plaintiffs must then connect the Attorney General to the alleged injury, based on the speculation that he may enforce the statute at some point in the future. This purported connection is too attenuated and relies on too many unrelated non-parties to find that Plaintiffs' injuries are fairly traceable to the Attorney General. *Native Vill. of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 867 (9th Cir. 2012) ("But where the causal chain involves numerous third parties whose independent decisions collectively have a significant effect on plaintiffs' injuries, . . . the causal chain is too weak to support standing at the pleading stage.") (citations and internal quotations omitted).

In Part III-C, Plaintiffs argue that if their requested relief were granted against the Attorney General, it would benefit Plaintiffs. Not so. As Defendants previously argued, Plaintiffs' alleged injuries cannot be redressed by any injunction against the Attorney General because he has not, and cannot, prosecute this crime. D.E. 19 at 18. An injunction against the Attorney General would not prevent the governmental officials who are exclusively authorized to prosecute this crime, the district attorneys, from doing so. Accordingly, Plaintiffs have not demonstrated the necessary element of redressability.

11

## IV. PLAINTIFFS FAILED TO STATE A DUE PROCESS CLAIM AND FAILED TO STATE A CLAIM PURSUANT TO § 1983.

Defendants rely on their prior Due Process arguments to support the dismissal of that claim. [D.E. 19 at 20-23].

Plaintiffs contend that Defendants did not challenge their Equal Protection claim. [D.E. 30 at 27-31]. However, Defendants' motion to dismiss argued that Plaintiffs lack an essential element of any 42 U.S.C. § 1983 claim, which is the statutory authority under which both the Due Process claim and Equal Protection claim are asserted. [D.E. 19 at 20]. In order for Plaintiffs to bring an Equal Protection claim, they must sue a "person" as that term is defined by section 1983. *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). Defendants argued that Plaintiffs failed to adequately allege that Defendants acted under color of state law to violate Plaintiffs' rights. [D.E. 19 at 19-20]. Plaintiffs' failed to offer any opposition to that argument, the Court should therefore dismiss for failure to state a proper claim under section 1983.

Space left intentionally blank.

# CONCLUSION

For the foregoing reasons, Plaintiffs' claims against Defendants should be dismissed.

Respectfully submitted this the 21st day of December, 2020.

> **JOSHUA H. STEIN**
> **Attorney General**
>
> /s/ Terence Steed
> Terence Steed
> Special Deputy Attorney General
> N.C. State Bar No. 52809
> E-mail: tsteed@ncdoj.gov
>
> Paul M. Cox
> Special Deputy Attorney General
> N.C. State Bar No. 49146
> E-mail: pcox@ncdoj.gov
>
> Olga E. Vysotskaya de Brito
> Special Deputy Attorney General
> N.C. State Bar No. 31846
> Email: ovysotskaya@ncdoj.gov
>
> N.C. Department of Justice
> P.O. Box 629
> Raleigh, NC 27602-0629
> Telephone: (919) 716-6567
> Facsimile: (919) 716-6761
>
> *Attorneys for Defendants*

# CERTIFICATE OF COMPLIANCE WITH RULE 7.3(d)

Undersigned counsel certifies that the present filing is in compliance with Local Rule 7.3(d) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina including the body of the brief, heading and footnotes, and contains no more than 3,125 words as indicated by Word, the program used to prepare the brief.

Respectfully submitted this the 21st day of December, 2020.

/s Terence Steed<br>
Terence Steed<br>
Special Deputy Attorney General