UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-cv-876

| | |
|---|---|
| NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE, and ACTION, NC, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT** |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS; et al., | )<br>) |
| Defendants. | ) |

Defendants, the North Carolina State Board of Elections (State Board), Damon Circosta, Stella Anderson, Jeff Carmon, III, Karen Brinson Bell ("State Board Defendants"), and Josh Stein, Attorney General of the State of North Carolina (collectively "Defendants"), hereby respond to Plaintiffs' Motion to Amend the Complaint. [D.E. 29]. For the reasons stated below, Plaintiffs have failed to demonstrate that leave to amend is proper pursuant to Federal Rule of Civil Procedure 15, because the proposed amendments related to Defendants are futile.

## INTRODUCTION

Defendants oppose Plaintiffs' motion to amend as futile for two reasons. First, any proposed amended complaint which continues to include allegations against the Attorney General of North Carolina would be futile because Judge Webster has already concluded that claims against the Attorney General should be dismissed for lack of standing. There are no new factual allegations made in the proposed amended complaint that alter the

1

foundation on which the dismissal was based. Second, Defendants' motion to dismiss remains pending and includes further grounds to justify dismissal of the Attorney General and the State Board Defendants. Should the Court grant that motion, the proposed amendments pertaining to these Defendants would be futile.

## STATEMENT OF FACTS

The North Carolina Constitution forbids a person convicted of a felony from voting "unless that person shall be first restored to the rights of citizenship in the manner prescribed by law." N.C. Const. art. VI, § 2(3). In 1901, North Carolina enacted a statute to enforce this provision, N.C.G.S. § 163-275(5), which makes it a felony "[f]or any person convicted of a crime which excludes the person from the right of suffrage, to vote at any primary or election without having been restored to the right of citizenship in due course and by the method provided by law."

Plaintiffs are two organizations that assert injuries because they offer community outreach to nonparties with criminal convictions who may be unsure of their eligibility to vote, and fear prosecution if they vote unlawfully. [D.E. 1 at ¶¶ 6, 15, 16] On September 24, 2020, Plaintiffs filed a Complaint and Motion for Preliminary Injunction. [D.E. 1, 2, 3]. In the Complaint, Plaintiffs challenge the constitutionality of section 163-275(5) as void for vagueness, in violation of the Due Process Clause of the Fourteenth Amendment [D.E. 1 at 55-57 (Count One)], and as a product of intentional racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 58-59 (Count Two). For relief, Plaintiffs seek to have Defendants enjoined from prosecuting violations of this law. *Id.* at 60.

Plaintiffs do not allege that the Attorney General's office has ever been called upon to defend a conviction on appeal under N.C.G.S. § 163- 275(5), has ever issued an advisory opinion on this statute pursuant to N.C.G.S. § 114-2(5), or has been requested to prosecute this violation pursuant to N.C.G.S. § 114-11.6.  A search of the online databases of the decisions of North Carolina appellate courts reveals that section 163-275(5) has never been the subject of a criminal appeal, where the Attorney General would represent the State.  *See* N.C.G.S. § 114-2(1).  Likewise, Defendants have located no records of the Attorney General ever having been involved in the enforcement of this statute.

This noninvolvement is further confirmed by Plaintiffs' own Complaint, which focuses on the cases of 16 nonparty criminal defendants who faced charges under this statute. [D.E. 1 at ¶¶ 50-55].  In each case, the person was charged, indicted, and prosecuted by a district attorney, not the State Board or the Attorney General's Office.  *Id.*, ¶¶ 50, 53. Only the district attorneys of Alamance and Hoke Counties prosecuted this violation.  *Id.* In each case, the charges under section 163-275(5) were dismissed and the person was convicted or pleaded guilty to something other than section 163-275(5).  *Id.* at ¶¶ 52, 55.

The State Board and its members have no authority to prosecute any crimes. N.C.G.S. § 163-22(d).  As for the Attorney General, in 2014, the North Carolina General Assembly amended section 163-278, to remove any role or reference to the Attorney General in the statute.  N.C.G.S. § 163-278, *as amended by* 2014 N.C. Sess. Laws 100, sec. 17.1(p).  Instead, prosecuting violations under Article 22 of Chapter 163 (which encompasses section 163-275) falls to district attorneys alone.  N.C.G.S. § 163-278 ("The district attorney shall initiate prosecution and prosecute any violations of this Article.").

Thus, Plaintiffs initial Complaint seeks to bar prosecutions by State Board and the Attorney General that have not and will not occur, while leaving district attorneys free to prosecute the same potential violations as they have in the past.

On October 16, 2020, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6). [D.E. 18, 19]. Defendants argued that this Court lacks jurisdiction due to lack of standing and because Defendants are entitled to Eleventh Amendment immunity, and Plaintiffs failed to state a claim upon which relief can be granted. *Id.* This motion is fully briefed and remains pending before this Court.

In response to Plaintiffs motion for preliminary injunction, filed with their initial complaint [D.E. 2, 3], Defendants filed an opposition to that motion based on the same arguments contained in the motion to dismiss. [D.E. 16]. On November 4, 2020, Magistrate Judge Webster issued an Opinion and Recommendation finding that Plaintiffs established standing as to Defendant the North Carolina State Board of Elections but failed to demonstrate any irreparable harm; he therefore recommended denial of the motion for preliminary injunction. [D.E. 24 at 17-20]. Judge Webster also found that Plaintiffs lacked standing as to any claims against Attorney General Stein, because there was no causal connection between the Attorney General and the threat of prosecution under this statute; accordingly, Judge Webster recommended dismissal of the Attorney General as a defendant. *Id.* at 12-13, 20.

Plaintiffs objected to this Opinion and Recommendation only to the extent that Judge Webster recommended that Attorney General Stein should be dismissed due to lack of standing. [D.E. 27 at 1]. Defendants filed a response to that objection on December 2,

4

Case 1:20-cv-00876-LCB-JLW   Document 32   Filed 12/28/20   Page 4 of 10

2020. [D.E. 28]. This matter remains pending before this Court.

On December 7, 2020, Plaintiffs filed a motion to amend the complaint along with a proposed amended complaint that seeks to add every district attorney in North Carolina as a party to this action. [D.E. 29-1]. Defendants oppose these amendments for the following reasons.

## ARGUMENT

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend a pleading "once as a matter of course (A) within 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.*, r. 15(a)(2). In this matter, Defendants filed a motion to dismiss pursuant to Rule 12(b) on October 16, 2020. [D.E. 18]. Plaintiffs did not amend their pleading prior to the 21-day deadline; as such, a motion pursuant to Rule 15(a)(2) is required.

The decision to grant or deny a motion to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Furthermore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

In this case, Defendants agree with Plaintiffs that the proposed amendments do not prejudice Defendants because they do not alter the allegations against Defendants in any way. Similarly, Defendants agree that the proposed amendments are not the result of undue delay or bad faith. However, Defendants oppose Plaintiffs' proposed amendments to the Complaint as futile with respect to these Defendants, especially in light of Judge Webster's recommended dismissal of the Attorney General.

An amendment is futile where it would not survive a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Woods v. Boeing Co.*, 841 F.Supp.2d 925, 930 (D.S.C. 2012). "To determine whether a proposed amended complaint would be futile, the Court reviews the revised complaint under the standard used to evaluate a motion to dismiss for failure to state a claim." *Amaya v. DGS Constr., LLC*, 326 F.R.D. 439, 451 (D. Md. 2018) (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

## I. THE ALLEGATIONS AGAINST DEFENDANTS ARE UNCHANGED IN PLAINTIFFS' PROPOSED AMENDED COMPLAINT.

The amendments Plaintiffs have made to the complaint fall into two categories: those related to the addition of every district attorney in North Carolina, and minor non-substantive changes to the description of the Defendants. [D.E. 29-1].

The proposed amended complaint alters only three paragraphs which relate to the State Board, State Board Defendants or the Attorney General. *Id.* at ¶¶ 16, 20, 21. None of these changes are substantive. Each altered paragraph is part of the section defining the parties. Paragraphs 16 and 21 cite additional statutes Plaintiffs have relied upon in each of their briefs so far in this matter and at oral argument before Judge Webster. *Id.* at ¶¶ 16,

21. Paragraph 20 clarifies the position held by State Board Executive Director Karen Brinson Bell. *Id.* at ¶ 20. Thus, the proposed amendments related to these Defendants do not alter in any way the allegations against these Defendants.

Plaintiffs agree with this understanding of their proposed amended complaint. Plaintiffs' opposition to the motion to dismiss states that the proposed amended complaint seeks only "to name the district attorneys as additional defendants, and to make certain other minor changes to the Complaint." [D.E. 30 at 4]. Finally, in support of this motion to amend, Plaintiffs expressly state that "[t]he proposed amendments do not raise any new legal issues against Defendants." [D.E. 29 at 9].

Thus, the analysis undertaken by Judge Webster to reach the conclusion the Attorney General should be dismissed, and the analysis to be undertaken by this Court in evaluating Defendants' pending motion to dismiss, are not altered by Plaintiffs' proposed amendments.

## II. JUDGE WEBSTER'S RECOMMENDED DISMISSAL RENDERS ANY ALLEGATIONS AGAINST THE ATTORNEY GENERAL FUTILE.

Judge Webster's November 4, 2020 Opinion and Recommendation found that Plaintiffs lacked standing for any claims against Attorney General Stein and, as a result, he recommended dismissal of the Attorney General as a defendant. [D.E. 24 at 12-13, 20]. Based on this ruling, Defendants object to any proposed amended complaint containing allegations directed against him or in which he remains a named party.

Specifically, Judge Webster found that Plaintiffs' alleged organizational injury—frustration of their mission to register voters—is not traceable to the Attorney General. *Id.*

7

at 11-14. In reaching this decision, the Court found that Plaintiffs failed to show any connection between the Attorney General and the prosecutions which allegedly caused their injuries. *Id.* at 12. There was no allegation or showing that the Attorney General has ever prosecuted or threatened to prosecute under N.C.G.S. § 163-275(5). *Id.* Additionally, the Court found, only district attorneys have specific statutory authority to prosecute under this statute. *Id.* Having failed to meet the minimal test for standing to bring suit against the Attorney General, the Court recommended his dismissal. *Id.*

To the extent that Judge Webster's ruling is affirmed by this Court, Defendants object to the inclusion of the Attorney General, or any allegation against him, in Plaintiffs' proposed amended complaint.

### III. DEFENDANTS' PENDING MOTION TO DISMISS HAS THE POTENTIAL TO MAKE SOME OR ALL ALLEGATIONS AGAINST DEFENDANTS FUTILE.

Defendants' motion to dismiss is fully briefed and pending before this Court. [D.E. 18, 19, 30, 31]. In addition to the argument that the Attorney General should be dismissed for lack of standing, Defendants also argue that this matter should be dismissed against the State Board Defendants and the Attorney General based on Eleventh Amendment Immunity, and because Plaintiffs fail to state a claim upon which relief can be granted under 42 U.S.C. § 1983. [D.E. 19].

As stated above, Plaintiffs' proposed amended complaint does not alter the allegations against these Defendants. Therefore, should this Court grant dismissal, Defendants oppose any proposed amended complaint which includes dismissed Defendants.

8

## CONCLUSION

Because Plaintiff's proposed amended complaint does not substantively change the allegations against Defendant and cannot survive Defendants' motion to dismiss, granting leave to amend Plaintiff's complaint would be futile and the Court should deny Plaintiffs' motion to amend.

Respectfully submitted this the 28th day of December, 2020.

**JOSHUA H. STEIN**
**Attorney General**

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
E-mail: tsteed@ncdoj.gov

Paul M. Cox
Special Deputy Attorney General
N.C. State Bar No. 49146
E-mail: pcox@ncdoj.gov

Olga E. Vysotskaya de Brito
Special Deputy Attorney General
N.C. State Bar No. 31846
Email: ovysotskaya@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6567
Facsimile: (919) 716-6761

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE WITH RULE 7.3(d)

Undersigned counsel certifies that the present filing is in compliance with Local Rule 7.3(d) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina including the body of the brief, heading and footnotes, and contains no more than 6,250 words as indicated by Word, the program used to prepare the brief.

Respectfully submitted this the 28th day of December, 2020.

        /s Terence Steed
        Terence Steed
        Special Deputy Attorney General