IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE and ACTION NC,<br><br>    Plaintiffs,<br><br>      v.<br><br>THE NORTH CAROLINA STATE BOARD OF ELECTIONS; DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; and JOSH STEIN, in his official capacity as ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA,<br><br>    Defendants. | Civil Action No. 1:20-cv-00876<br><br><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO AMEND THE <u>COMPLAINT</u>** |

# INTRODUCTION

Plaintiffs seek leave to amend their Complaint for the first time in order to name the State's district attorneys as additional defendants. Although Defendants refused to consent to the filing of an amended complaint pursuant to Rule 15(a)(2), Defendants evidently do not oppose the addition of the district attorneys as defendants in this action. Indeed, Defendants' response to Plaintiffs' Motion to Amend does not raise even a single argument as to why this Court should not permit Plaintiffs to amend their Complaint to name the district attorneys as additional defendants. As to Plaintiffs' other proposed amendments, Defendants correctly observe that these amendments reflect only "minor non-substantive changes to the description of the Defendants" that "do not alter in any way the allegations against the[ ] Defendants." Dkt. 32 at 6-7.

Notably, Defendants expressly acknowledge that they are in no way prejudiced by the proposed amendments to the Complaint. *Id.* at 6. Defendants also concede that Plaintiffs did not unduly delay in seeking leave to amend their Complaint, and that the amendments are not made in bad faith. *Id.* Defendants' sole basis for opposing Plaintiffs' Motion to Amend is the purported futility of the allegations against Defendants. But Defendants do not—and could not— come anywhere close to meeting the high bar for demonstrating futility, which requires a showing that "the proposed amendment is *clearly insufficient* or *frivolous on its face*," *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (emphasis added), when "viewed in the light most favorable to Plaintiffs." *Shinn v. Greeness*, 218 F.R.D. 478, 491 (M.D.N.C. 2003) (rejecting

defendants' futility arguments and granting plaintiffs leave to amend).[1]

Defendants argue that the "recommended dismissal" of Plaintiffs' claims against the Attorney General "renders any allegations against the Attorney General futile." Dkt. 32 at 7 (citing the Memorandum Opinion and Recommendation, Dkt. 24). But Plaintiffs have filed objections to that recommendation, and it is therefore subject to *de novo* review. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1). That recommendation, standing alone, does not warrant a finding that the allegations of Plaintiffs' Proposed Amended Complaint are futile as to the Attorney General.

Defendants further contend that their pending Motion to Dismiss "has the potential to make some or all allegations . . . futile" against the NCSBE, the NCSBE's members and the NCSBE's Executive Director (collectively, the "NCSBE Defendants"). *Id.* at 8. In that Motion, Defendants primarily argue that Plaintiffs cannot satisfy the requirements of Article III standing and the *Ex parte Young* exception as to the NCSBE Defendants. Dkt. 19 at 7-18. But Defendants have since waived those arguments by failing to object to the recommendation that the Court find that the NCSBE Defendants are proper defendants in this action. *See* Dkt. 24 at 11-12, 14-17. Defendants' assertion that the allegations of Plaintiffs' Proposed Amended Complaint are futile as to the NCSBE Defendants is nothing more than a veiled attempt to revive those abandoned arguments.

In opposing Plaintiffs' Motion to Amend exclusively on futility grounds, Defendants seek

---

[1] Unless otherwise noted, internal citations, alterations and quotations are omitted throughout.

2

to litigate the same issues raised by their pending Motion to Dismiss. This is not an efficient use of judicial resources. The better course of action would have been for Defendants to consent to the filing of Plaintiffs' Proposed Amended Complaint, and to then raise these arguments in a motion to dismiss the Amended Complaint. *See, e.g.*, *Superior Performers, Inc. v. Phelps*, No. 1:15-cv-134, 2015 WL 13650060, at *1 (M.D.N.C. May 5, 2015) (granting leave to amend and explaining that "[a]s to futility, any such arguments are better addressed in the context of a renewed motion to dismiss, addressed specifically to the facts as alleged in the Amended Complaint"); *Carter v. Mayor and City Council of Baltimore*, No. Civ. H-01-1024, 2001 WL 793308, at *5 (D. Md. July 11, 2001) (declining to "address[ ] defendants' futility arguments" raised in opposition to plaintiffs' motion to amend, and explaining that the court would take the "more orderly and efficient approach" of considering those arguments in the context of a motion to dismiss the amended complaint).

Because the proposed amendments to Plaintiffs' Complaint are not futile, prejudicial, or the result of bad faith or undue delay, this Court should grant Plaintiffs' first Motion to Amend their Complaint. *See, e.g.*, *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (explaining that the Fourth Circuit has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.").

**I.     This Court Should Grant Plaintiffs Leave to Amend Their Complaint to Name the District Attorneys as Additional Defendants.**

Defendants do not contend that naming the district attorneys as additional defendants would be inconsistent with the requirements of Rules 15(a) or 20(a)(2), nor do they assert that

3

Plaintiffs' proposed claims against the district attorneys would be futile. Moreover, Defendants do not argue that they would be prejudiced by the addition of the district attorneys as defendants in this action, or that Plaintiffs have unduly delayed or acted in bad faith by seeking to name the district attorneys as defendants at this early stage in the proceedings. Regardless of how it rules on the remainder of this Motion, the Court should therefore grant Plaintiffs leave to amend their Complaint to name the district attorneys as additional defendants. *See, e.g.*, *Brown v. Montoya*, No. 10-cv-10081-BB/ACT, 2012 WL 12969640, at *2 (D.N.M. May 21, 2012) (granting leave to amend to add additional defendants where there was no showing of prejudice as the case was "still in its early stages with discovery not having commenced yet"); *Conaty v. Lohman*, No. 2:11-cv-14, 2011 WL 13228332, at *2 (N.D.W.V. Nov. 18, 2011) (granting leave to amend to add additional defendants where there was "no evidence submitted to the Court about prejudice to the defendants, bad faith on the part of the moving party, or the futility of the amendment"); *Munion v. Advanced Medical Optics*, No. 07-cv-5377-JHR, 2008 WL 11383997, at *1-2 (D.N.J. May 19, 2008) (granting leave to add additional defendants where there was no showing of prejudice, undue delay or bad faith); *Xeikon Int'l, N.V. v. Gamut, Inc.*, No. 03-cv-6123L, 2004 WL 627896, at *1-3 (W.D.N.Y. Feb. 18, 2004) (same).

## II. Plaintiffs' Proposed Amended Complaint Is Not Futile as to the Claims Against the Attorney General.

Defendants assert, incorrectly, that Plaintiffs' proposed amendments to the Complaint as to the Attorney General are futile in light of the recommended dismissal of Plaintiffs' claims against the Attorney General for failure to satisfy the traceability requirement of Article III standing. But Plaintiffs filed timely objections to that recommendation, and showed that the

4

recommendation rests on a misapprehension of the full scope of Plaintiffs' injuries and an erroneous application of the law. Dkt. 27. In their objections, Plaintiffs set forth a detailed description of the Attorney General's statutory authority with respect to the enforcement of N.C.G.S. § 163-275(5) (the "Strict Liability Voting Law"), which includes (i) the discretionary authority to prosecute violations of any North Carolina statute, including the Strict Liability Voting Law, upon request by a district attorney, *see id.* § 114-11.6; (ii) the exclusive authority to handle criminal appeals of convictions under the Strict Liability Voting Law, *see id.* § 114-2(1); (iii) the authority to investigate violations of the Strict Liability Voting Law upon request by the NCSBE, *see id.* § 163-22(d); and (iv) the duty to advise the NCSBE and the state's district attorneys on the enforcement of the Strict Liability Voting Law, upon their request, *see id.* § 114-2(4). Plaintiffs also presented extensive case law demonstrating that this statutory enforcement authority, coupled with the Attorney General's failure to disclaim an intent to enforce the Strict Liability Voting Law, renders Plaintiffs' injuries fairly traceable to the Attorney General.[2]

      In view of Plaintiffs' objections, the Court must make a *de novo* determination of the question of whether the Attorney General is a proper defendant. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 675 (1980) (the district court must "give fresh consideration to those issues to which specific objection has been made by a party"). The Middle District of North Carolina's recent decision in *Lewis v. Peterkin* is

---

[2] Plaintiffs presented the same factual background and legal arguments in their response to Defendants' Motion to Dismiss. Dkt. 30 at 14-20, 25-26. Plaintiffs incorporate by reference those sections of their response herein.

5

instructive. There, the Magistrate Judge recommended the dismissal of the plaintiff's claims against a municipal defendant. No. 1:19-cv-418, 2020 WL 4735306, at *4 (M.D.N.C. Aug. 14, 2020). The plaintiff filed objections asserting, *inter alia,* "that the Magistrate Judge erred in concluding that [the municipal defendant] is not a proper defendant in this action." 2020 WL 5700755, at *1 (Sept. 24, 2020). The *Lewis* Court conducted a *de novo* review, and concluded that "dismissal of [the municipal defendant] would not be proper at this preliminary stage of the proceedings." *Id.* The Court is required to conduct a similar *de novo* review of the question of whether the Attorney General is a proper party here.

Given that the Court has yet to determine whether the requirements of Article III standing and the *Ex parte Young* exception are satisfied as to the Attorney General in this action, Plaintiffs' proposed amendments to the allegations concerning the Attorney General are neither "clearly insufficient" nor "frivolous on [their] face." *Johnson*, 785 F.2d at 510 (addressing the standard for futility). This is not among the "rare" cases in which denial of leave to amend is warranted on futility grounds. *See, e.g., Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) (finding the district court erred in denying leave to amend on futility grounds, and reasoning that "[s]uch cases of clear futility at the outset of a case are rare . . . and this is not one of them"); *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411-OWW/GS, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010) (granting leave to amend despite defendant's futility arguments, and explaining that denial of leave to amend on futility grounds "is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted

6

and the amended pleading is filed").

### III. Plaintiffs' Proposed Amended Complaint Is Not Futile as to the Claims Against the NCSBE Defendants.

Defendants did not object to the recommendations that the Court find that the requirements for Article III standing and the *Ex parte Young* exception to Eleventh Amendment immunity are satisfied as to the NCSBE Defendants. Dkt. 24 at 11-12, 14-17. The Court should therefore find that Defendants have waived any challenge to those recommendations. *See, e.g.*, *North Olmsted Chamber of Commerce v. City of North Olmsted*, 108 F. Supp. 2d 792, 793 (N.D. Ohio 2000) (finding the defendant had "waived its argument on [an] issue" because the defendant "did not file specific, written objections to [the Magistrate Judge's] determination on this specific issue"); *Slavich v. Broadhurst*, No. 93-cv-1646, 1994 WL 10356, at *1 (E.D. La. Jan. 4, 1994) (where Defendants did not object to the Magistrate Judge' recommendation, that recommendation "serves as the law of the case").

In contrast to the *de novo* review applicable to the question of whether the Attorney General is a proper defendant, the Court need only review the recommendations as to the NCSBE Defendants for clear error. *See, e.g., Gary v. IRS Svcs. and U.S. Dep't of Justice*, No. 1:17-cv-1018, 2018 WL 1413046 (M.D.N.C. Mar. 20, 2018) ("In the absence of objections, the district court . . . must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting *Diamond v. Colonial Life. & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)); *Robinson v. Bowser*, No. 1:12-cv-301, 2014 WL 12786920, at *6 (M.D.N.C. Feb. 24, 2014) (where a party did not object to the Magistrate Judge's recommendation, the court "was not required to conduct a *de novo* review of [the Magistrate

7

Judge's] factual findings and legal conclusions" and instead "reviewed the Recommendation for clear error only").

Having defaulted on their opportunity to object to the recommendations as to the NCSBE Defendants, Defendants now improperly seek to resurrect those arguments in opposing Plaintiffs' Motion to Amend on futility grounds. This effort should be rejected in light of the NCSBE Defendants' statutory authority to enforce the Strict Liability Voting Law, as well as their recent efforts to exercise that authority. The NCSBE is statutorily empowered to investigate violations of the Strict Liability Voting Law and refer such cases for prosecution. *See* N.C.G.S. § 163-278 (providing that the NCSBE has a "duty…to investigate any violations" of the criminal statutes governing voting and elections, including the Strict Liability Voting Law); *id.* § 163-22(d) (the NCSBE "shall investigate when necessary or advisable, the administration of election laws, frauds and irregularities in elections"). Following an audit of the 2016 election, the NCSBE actively encouraged prosecutions under the Strict Liability Voting Law, and took steps to ensure that district attorneys would have the evidence to successfully prosecute future violations. Dkt. 3-2 at 5, 22-27; Dkt. 3-3 at 3-4, Dkt. 3-5 at 3-4. Plaintiffs' proposed amendments as to the NCSBE Defendants are thus neither "clearly insufficient" nor "frivolous on [their] face." *Johnson*, 785 F.2d at 510.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully move this Court to grant leave to amend.

Dated: January 11, 2021

By: /s/ Mitchell D. Brown

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood (specially appearing)<br>Nihara K. Choudhri (specially appearing)<br>Andrew B. Garber (specially appearing)<br>425 Lexington Avenue<br>New York, NY 10017<br>Tel: (212) 455-2000<br>Fax: (212) 455-2502<br>jyoungwood@stblaw.com<br>nchoudhri@stblaw.com<br>andrew.garber@stblaw.com | SOUTHERN COALITION FOR SOCIAL JUSTICE<br>Allison J. Riggs (State Bar No. 40028)<br>Mitchell D. Brown (State Bar No. 56122)<br>1415 West Highway 54, Suite 101<br>Durham, NC 27707<br>Tel: (919) 323-3380<br>Fax: (919) 323-3942<br>allisonriggs@southerncoalition.org<br>mitchellbrown@scsj.org |

*Attorneys for Plaintiffs*

**CERTIFICATE OF WORD COUNT**

Pursuant to Local Rules 7.3(d)(1), the undersigned counsel hereby certifies that the foregoing Reply in Support of Plaintiff's Motion to Amend contains 2281 words (including headings and footnotes) as measured by Microsoft Word.

/s/ Mitchell D. Brown
Mitchell D. Brown

## CERTIFICATE OF SERVICE

I certify that on the 11th day of January, 2021, the foregoing Reply in Support of Plaintiffs' Motion to Amend the Complaint was served by electronic mail to Defendants' Counsel, Terence Steed, Special Deputy Attorney General, at the address tsteed@ncdoj.gov, with consent of counsel to accept service in this manner.

/s/ Mitchell D. Brown
Mitchell D. Brown