UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-cv-876-LCB-JLW

| | |
|---|---|
| NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE, and ACTION, NC, <br><br> Plaintiffs, <br> v. <br><br> THE NORTH CAROLINA STATE BOARD OF ELECTIONS; et al., <br><br> Defendants. | **STATE BOARD DEFENDANTS' ANSWER TO AMENDED COMPLAINT** |

Defendants, the North Carolina State Board of Elections (State Board), Damon Circosta, Stella Anderson, Jeff Carmon, III, Stacy "Four" Eggers, IV, Tommy Tucker, and Karen Brinson Bell ("State Board Defendants"), hereby respond to Plaintiffs' Amended Complaint as follows:

## INTRODUCTION

1. Neither admitted nor denied to the extent this paragraph states legal conclusions. It is admitted that N.C. Gen. Stat. § 163- 275(5) imposes criminal penalties on voting by North Carolina residents who are on parole, probation or post-release supervision for a felony conviction—even if those individuals mistakenly believe they are eligible to vote. It is further admitted that mistakenly voting in North Carolina, if done by someone still serving a felony sentence, can result in criminal prosecution. State Board Defendants lack information or belief sufficient to form a belief as to whether such mistaken voting does result in criminal prosecution, or whether the law is a racially discriminatory relic of the nineteenth century. The remaining factual allegations are

1

denied.

2.  Admitted as to the historical timeline of enactment of the statute at issue. The referenced sessions laws speaks for themselves and are the best evidence of their contents. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the allegations concerning the motivations of legislators involved in that legislative history.

3.  Denied that every other election-related crime is punishable as a Class I felony requires intent. Denied that the State Board has recognized that violations of the law in question are almost always unintentional. Admitted as to the remainder of this paragraph.

4.  Denied that N.C.G.S. § 163-275(5) is vague. As to the remaining allegations and statements, denied to the extent that the allegations are directed at district attorneys and State Board Defendants lack sufficient knowledge to determine the truthfulness of such allegations. As to the remaining allegations, including whether countless eligible voters with criminal convictions have been chilled from exercising their right to cast a ballot, the State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegation.

5.  The referenced matter before the Superior Court of Wake County is a matter of public record, speaks for itself and is the best evidence of the its contents. Denied to the extent Plaintiff alleges the motivations of unnamed voters as the State Board Defendants lack sufficient knowledge to determine the truthfulness of such allegations.

6. Admitted that Plaintiff organizations' state that they are dedicated to increasing political participation. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations.

7. Admitted that Plaintiffs seek this relief. Denied that Plaintiffs are entitled to such relief.

## JURISDICTION & VENUE

8. These allegations are legal conclusions to which no response is required.

9. These allegations are legal conclusions to which no response is required.

10. It is admitted that each of the State Board Defendants are either a state government entity or a state government official in North Carolina. The remaining allegations are legal conclusions to which no response is required.

11. These allegations are legal conclusions to which no response is required.

12. These allegations are legal conclusions to which no response is required.

13. These allegations are legal conclusions to which no response is required.

## PARTIES

### *Plaintiffs*

14. Admitted that Plaintiff states it is an organization dedicated to advancing racial equality and economic justice. State Board Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations regarding Plaintiff's history, efforts to increase voter participation, and whether N.C. Gen. Stat. § 163-275(5) harms Plaintiff in any way.

15. Admitted that Plaintiff states it is an organization dedicated to advancing

3

racial equality and economic justice. State Board Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations regarding Plaintiff's history, efforts to increase voter participation, and whether N.C. Gen. Stat. § 163-275(5) harms Plaintiff in any way. The allegations regarding N.C. Gen. Stat. § 163-275(13) are legal conclusions that require no response.

*Defendants*

16. The cited statutes speak for themselves and are the best evidence of their contents. The allegations regarding NCSBE's statutory obligations are legal conclusions which require no response.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Neither admitted nor denied as this pertains to other parties.

**STATEMENT OF FACTS**

24. Admitted that prior to the Civil War, the North Carolina Constitution denied the right to vote to Black men. Otherwise, the cited former constitutional provision speaks for itself and is the best evidence of the documents' contents.

25. It is admitted that North Carolina's pre-Civil War criminal disenfranchisement law applied only to white individuals because Black individuals had

no right to vote, and that disenfranchised individuals could regain their right to vote by petitioning the Superior Court to restore their rights of citizenship. Whether disenfranchisement for "infamous crimes" included all felonies is a legal conclusion which requires no response. The cited session law speaks for itself and is the best evidence of the documents' contents.

26. State Board Defendants lack sufficient knowledge to admit the truth of the allegations in the first sentence. The cited congressional debate speaks for itself and is the best evidence of the documents' contents.

27. The cited provisions of the 1868 Constitution speak for themselves and are the best evidence of their contents. It is denied that that the 1868 Constitution did not include a criminal disenfranchisement provision. The remaining factual allegations are admitted.

28. It is denied that North Carolina amended its constitution as alleged in 1875; it was so amended in 1876 upon ratification by popular vote. The content of the cited amendment speaks for itself and is the best evidence of the documents' contents. State Defendants lack knowledge sufficient to admit the truthfulness of whether the amendment was designed to frustrate and impede the influence of Black citizens, or whether it was widely understood that this provision would disproportionately impact Black North Carolinians. It is admitted that the amendments discussed in the footnote were included among the amendments ratified in 1876. The contents of the documents cited in the footnote speak for themselves.

29. Denied that the law remains unchanged since 1877. It is admitted that the

5

Case 1:20-cv-00876-LCB-JLW   Document 39   Filed 03/09/21   Page 5 of 20

North Carolina Legislature enacted the law cited in this paragraph in 1877, and the text of that law speaks for itself and is the best evidence of the documents' contents. State Board Defendants lack sufficient knowledge to admit whether the criminal law was racially discriminatory. Otherwise admitted.

30. It is admitted that during the 1880s and 1890s, Black individuals in North Carolina amassed political power through the exercise of their right to vote. The text of the cited documents speaks for itself and is the best evidence of the documents' contents.

31. The text of the cited document speaks for itself and is the best evidence of the document's contents.

32. The text of the cited document speaks for itself and is the best evidence of the document's contents.

33. The text of the cited document speaks for itself and is the best evidence of the document's contents.

34. The text of the cited document speaks for itself and is the best evidence of the document's contents.

35. Admitted that in 1899, the General Assembly enacted the cited session law. The text of the session law speaks for itself and is the best evidence of its contents.

36. Admitted that the cited statute was enacted in 1899. The text of the cited statutes speak for themselves and are the best evidence of their contents.

37. The text of the law speaks for itself and is the best evidence of its contents.

38. It is admitted that the cited Suffrage Amendment was proposed by the General Assembly in 1899 and was approved by the voters in 1900, and that it established

6

a poll tax, a literacy test, and a grandfather clause. The text of the amendment and the contents of the cited court decision speak for themselves and are the best evidence of their contents. Whether the amendment broadened the scope of criminal disenfranchisement is a legal conclusion that requires no response.

39. It is admitted that in 1931, the General Assembly enacted the cited law. The text of the law speaks for itself and is the best evidence of its contents.

40. The text of these two laws speaks for itself and is the best evidence of these laws' contents.

41. The text of these two laws speaks for itself and is the best evidence of these laws' contents.

42. The text of these two laws speaks for itself and is the best evidence of these laws' contents.

43. Denied to the extent the phrase "left intact" suggests that the General Assembly ratifies or re-approves the text of a preexisting statute during a period in which that statute goes unchanged by the General Assembly. Otherwise, the cited laws speak for themselves and are the best evidence of their contents.

44. It is denied that the Strict Liability Voting Law is an outlier in North Carolina's election laws. It is additionally denied that virtually every other election crime punishable as a Class I felony requires intent. The text of the cited statutes, as well as all other election related criminal statutes, speaks for themselves and are the best evidence of their contents.

45. Admitted.

46. State Board Defendants lack sufficient knowledge or belief to respond to Plaintiffs' opinion on the severity of the penalty. The remaining factual allegations regarding the penalty imposed by the statute are admitted.

47. It is admitted that Black individuals in North Carolina comprise a percentage of those who are no longer incarcerated but are still serving some aspect of a sentence for a felony conviction that is higher than their percentage of the voting age population. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations.

48. Admitted.

49. Admitted that the State Board referred investigations as required by North Carolina law. The cited statute speaks for itself and is the best evidence of its contents.

50. Admitted.

51. Admitted that these prosecutions occurred in Alamance County, nine of the individuals prosecuted were Black, and that Black individuals comprise less than 21% of Alamance County's population, according to the latest reported Census figures. The cited newspaper editorial speaks for itself and is the best evidence of its contents. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the editorial's content and any remaining allegations.

52. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

53. The State Board Defendants lack sufficient knowledge to determine the

8

truthfulness of these allegations.

54. Admitted that these prosecutions occurred in Hoke County. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations.

55. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

56. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

57. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

58. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

59. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

60. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

61. The cited statute speaks for itself and is the best evidence of its contents.

62. The cited statutes and constitution provision speak for themselves and are the best evidence of their contents. It is denied that a prospective voter must turn to a particular statute to understand which crimes are disenfranchising.

63. The cited statute speaks for itself and is the best evidence of its contents. It is denied that a prospective voter must turn to a particular statute or chapter of the

9

General Statutes to determine how one's rights are restored after they are lost due to a criminal conviction. The allegations in the footnote are partially correct, in that the first time there was an automatic restoration of voting rights after criminal disenfranchisement was after the General Assembly reformed the law in 1971, and that prior to that time, individuals with felony convictions had to petition a court for the restoration of voting rights. The use of the phrase "Citizenship Restoration Law" in the footnote is misleading, however, since there has been a law providing for the restoration of citizenship rights in North Carolina since 1840. The remaining allegations are denied.

64. The cited statute speaks for itself and is the best evidence of its contents. Admitted that the term "unconditional discharge" is not defined in the Voter Registration Application or on the State Board's website; instead, the State Board provides guidance and instructions in plain language to voters regarding their eligibility to vote with respect to a criminal conviction, both on the Voter Registration Application and on the State Board's website.

65. It is admitted that a person convicted of a felony has their rights restored automatically upon the completion of their sentence, including any period of parole, post-release supervision, or probation. It is admitted that, before revisions a few months ago, the cited State Board documents did not refer to post-release supervision explicitly and instead referred to the completion of one's sentence, which could include any period of probation or parole. The allegation that parole was abolished in 1994 is misleading, since a person convicted prior to that time is still eligible for parole, and there are North Carolinians on parole today. It is admitted that the Structured Sentencing Act replaced

10

parole with post-release supervision for convictions following that law's enactment. Otherwise, the cited documents speak for themselves and are the best evidence of their contents.

66. Denied. The State Board provides no script for poll workers and the poll workers do not verify the eligibility of voters. The voter attests to their eligibility. It is admitted that a prior version of the Voter Registration Application did not mention post-release supervision; poll workers were simply instructed to ask whether prospective voters "have completed their sentence, including any probation or parole." The remaining allegations are denied.

67. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

68. It is admitted that following the 2016 post-election audit, the NCSBE discovered "a wide pattern of defendants in multiple counties who claim[ed] they were never informed of their loss of voting rights upon conviction and sentencing." The remaining allegations are denied.

69. Admitted that these were findings of the 2016 post-election audit.

70. The cited documents and statutes speak for themselves and are the best evidence of their contents. The second sentence calls for a legal conclusion, which requires no response. It is admitted that voter list maintenance, which is designed in part to ensure the accuracy of voter registration lists, is a collective responsibility of the State and county boards of elections. It is admitted that there are no procedures mandated on the State or county boards of elections to notify individuals who are not registered to vote

11

at the time of their conviction that they have lost their voting rights. The State Board Defendants understand that the Department of Public Safety provides a DC-117 form to convicted felons informing them they have lost their right to vote. The State Board Defendants lack sufficient knowledge to form a belief as to notification procedures that would not involve the boards of elections.

71. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

72. Admitted with respect to the allegations in the first sentence concerning the State Board letter attached as Appendix 7 to Exhibit 2. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations.

73. Admitted.

74. Admitted.

75. The first sentence is admitted. The second sentence is denied, to the extent it refers to any voting-related form that a registrant may complete. It is admitted that the voter registration form does not include a checkbox related to felon status, and that a warning regarding felon status appears in the voter attestation at the bottom of the form, where the voter must sign the form and is warned against falsely completing the form. It is denied that this is the only place on the voter registration application where ineligibility for felon status is discussed. It is admitted that the State Board took further action to prevent those serving felony sentences from being registered to vote.

76. The allegation regarding statutes of limitations calls for a legal conclusion, which requires no response. The cited case speaks for itself and is the best evidence of its

contents. The remaining allegations are denied.

77. It is admitted that there is a section of the NCSBE's website concerning voting after a felony conviction that is entitled, "*Registering as a Person in the NC Criminal Justice System*." The State Board Defendants lack sufficient knowledge to determine the truthfulness of the allegations about the beliefs of hypothetical individuals serving out-of-state or federal felony sentences. It is admitted that such individuals could face felony-level prosecution for mistakenly voting, but it is denied that such an individual would have a reason to believe he or she could vote based on the NCSBE's guidance.

78. The referenced statute speaks for itself and is the best evidence of its contents. The third sentence is a legal conclusion, which requires no response. With respect to the State Board's website, it is denied that this allegation describes all information contained on the website, which includes a warning that attempting to register to vote or voting is a felony and advises voters to contact their probation officer if they have any questions about their particular circumstances. The website speaks for itself and is the best evidence of its contents.

79. Denied that the statute in question is vague. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations.

80. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations. The documents cited speak for themselves and are the best evidence of their contents.

81. It is admitted that Judge Keith Gregory said what is alleged at a hearing in

the *CSI* case, and that Ms. Powell, Mr. Gaddy, and Mr. Purdie said what is alleged in their affidavits in the *CSI* case. Otherwise, the State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

82. It is admitted that when individuals complete their sentences for felony convictions in North Carolina state courts, the N.C. Department of Public Safety provides them with a notification of the restoration of their voting rights, along with an application to register to vote. The allegation regarding the clarity of these notifications is denied and the cited study does not refer to the North Carolina Department of Public Safety's current notification policies or materials. It is admitted that no state agency is statutorily required to notify individuals who have completed their sentences for a federal or out-of-state conviction of the restoration of their voting rights. Otherwise denied.

83. It is admitted that county boards of elections are statutorily required to advise registered voters of their ineligibility to vote following a felony conviction, and that for persons serving North Carolina felony sentences, the N.C. Department of Public Safety—not the county boards—advises individuals who have completed their sentences that they are eligible to vote. State Board Defendants lack sufficient knowledge to admit to the characterization of Judge Gregory's statement, but note that the transcript of the cited hearing speaks for itself and is the best evidence of its contents.

84. Denied that individuals described in the allegations would not be able to obtain guidance concerning their eligibility to vote from the NCSBE. The transcript of Ms. Bell's deposition, which has been selectively quoted in the allegation, speaks for itself and is the best evidence of its contents. The State Board Defendants lack sufficient

14

knowledge to determine the truthfulness of the remaining allegations.

85. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

86. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the allegations in the first and last sentences. The voter challenge statutes, which are not quoted in full and do not support this allegation, speak for themselves and are the best evidence of their contents.

87. Admitted.

88. The characterization of the statement on the website is denied. The statement speaks for itself and is the best evidence of its contents.

89. The cited statute speaks for itself and is the best evidence of its contents. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegation.

90. The cited statute speaks for itself and is the best evidence of its contents. It is admitted that the NCSBE Website does not provide instructions on how to obtain a Certificate of Restoration of Forfeited Rights of Citizenship from a county clerk of court, as prescribed in the statute. State Board Defendants lack sufficient knowledge to determine the truthfulness of the allegation regarding automatic issuance of such certificates by federal or other state authorities.

91. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

92. The State Board Defendants lack sufficient knowledge to determine the

15

truthfulness of the allegations about the fear of individuals in this category. The cited statute and court order speak for themselves and are the best evidence of their contents.

93. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

94. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the allegations concerning Plaintiffs' fears. The cited statute speaks for itself and is the best evidence of its contents. The remaining allegations call for legal conclusions and require no response.

95. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

## CLAIMS

### COUNT ONE

**Void for Vagueness in Violation of the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983**

96. State Board Defendants repeat each response as if set forth fully herein.

97. The cited constitutional provision and cases speak for themselves and are the best evidence of their contents. This paragraph otherwise states legal conclusions which require no response.

98. The cited statute speak for itself and is the best evidence of its contents. Otherwise denied.

99. Denied.

100. The factual allegations are denied. The remaining allegations call for legal

16

conclusions and require no response.

101. It is admitted that an individual convicted of a felony does not regain the right to vote until sentence completion, including any probation, post-release supervision or parole. It is further admitted that the phrase "unconditional discharge" is not explicitly defined on the voter registration application or other commonly referenced voting materials.

102. It is denied that the law at issue is vague or that it fails to pass constitutional muster under the Due Process Clause. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations.

103. This paragraph calls for a legal conclusion and requires no response.

104. Denied.

## COUNT TWO

**Intentional Racial Discrimination in Violation of
the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983**

105. State Board Defendants repeat each response as if set forth fully herein.

106. The cited constitutional provision and cases speak for themselves and are the best evidence of their contents. This paragraph otherwise states legal conclusions which require no response.

107. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

108. The referenced statutes speak for themselves and are the best evidence of their contents.

109. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

110. The State Board Defendants lack sufficient knowledge to determine the truthfulness of these allegations.

111. The statutes cited speaks for themselves and are the best evidence of their contents. The State Board Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations.

112. This paragraph calls for a legal conclusion and requires no response.

113. Denied.

**THE STATE BOARD DEFENDANTS DENY ANY AND ALL ALLEGATIONS IN PLAINTIFFS' AMENDED COMPLAINT EXCEPT AS ADMITTED ABOVE, INCLUDING THE RELIEF REQUESTED BY PLAINTIFFS.**

# FURTHER ANSWERING THE AMENDED COMPLAINT AND AS FURTHER DEFENSES THERETO, DEFENDANTS ASSERT THE FOLLOWING:

## FIRST DEFENSE

State Board Defendants are entitled to the immunity provided by the Eleventh Amendment to the United States Constitution.

## SECOND DEFENSE

Plaintiffs' fail to state sufficient factual allegations to support the exercise of subject matter jurisdiction by this Court over the State Board Defendants.

## THIRD DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted against State Board Defendants and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this failure bars Plaintiffs' claims.

## FIFTH DEFENSE

State Board Defendants reserve the right to assert further defenses against Plaintiffs that may become apparent during the course of litigation and discovery.

WHEREFORE, State Board Defendants request the following:

1. That the Amended Complaint be dismissed;
2. That Plaintiffs have and recover nothing from State Board Defendants;
3. That costs of this action, including a reasonable attorney's fee, be taxed to Plaintiffs;

4. For trial by jury on all issues so triable; and

5. For such other relief and further relief that to the State Board Defendants as the Court deems just and proper.

Respectfully submitted this the 10th day of March, 2021.

**JOSHUA H. STEIN**
**Attorney General**

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
E-mail: tsteed@ncdoj.gov

Paul M. Cox
Special Deputy Attorney General
N.C. State Bar No. 49146
E-mail: pcox@ncdoj.gov

Olga E. Vysotskaya de Brito
Special Deputy Attorney General
N.C. State Bar No. 31846
Email: ovysotskaya@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6567
Facsimile: (919) 716-6761

*Attorneys for Defendants*

20

Case 1:20-cv-00876-LCB-JLW   Document 39   Filed 03/09/21   Page 20 of 20