# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

### Case No.: 1:20-cv-00876

| | | |
|---|---|---|
| NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE and ACTION NC, | ) ) ) ) | |
| Plaintiffs, | ) ) | **ANSWER OF DA DEFENDANTS** |
| v. | ) ) | |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS et al., | ) ) ) | |
| Defendants. | ) | |

NOW COME DA Defendants, by and through undersigned counsel, to hereby respond to Plaintiffs' Amended Complaint as follows:

### FIRST DEFENSE
#### (Answer)

### TABLE OF CONTENTS

The Table of Contents contains headings I, IA, IB, II, III, IV, and V, which are also contained within the body of the Amended Complaint. These headings contain legal conclusions, arguments, and conclusory allegations to which no response is required. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required.  DA Defendants lack sufficient knowledge to determine

1

the truthfulness of the remaining allegations contained in these headings, and therefore, deny the same.

## INTRODUCTION

1.      It is admitted the statute referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required.  It is further admitted this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. Except as specifically admitted, DA Defendants deny any remaining allegations in this paragraph.

2.      It is admitted the session laws referenced in this paragraph speak for themselves and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required.  DA Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations and, therefore, deny the same.

3.      It is admitted the statutes referenced speak for themselves and require no further response.  Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required.  It is further admitted this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

2

DA Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations and, therefore, deny the same.

4. It is denied that the referenced statute is vague or draconian. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that the paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. It is admitted that this paragraph references legal actions in Alamance and Hoke Counties, which are public records, speak for themselves and require no further response. DA Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations, and therefore, deny the same.

5. It is admitted that this paragraph references a legal action in Wake County Superior Court, which is a public record, speaks for itself, and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations, and therefore, deny the same.

6. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal

3

conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations, and therefore, deny the same.

7.     Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required.  It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. It is admitted that the Plaintiffs seek the relief requested in this paragraph. It is denied that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

8.     It is admitted this paragraph contains legal conclusions to which no response is required.

9.     It is admitted this paragraph contains legal arguments and conclusions to which no response is required.

10.     It is admitted that each DA Defendant is a state government official in North Carolina. It is admitted the remaining allegations in this paragraph contain legal conclusions to which no response is required.

11.     It is admitted this paragraph contains legal conclusions to which no response is required.

12.     It is admitted this paragraph contains legal conclusions to which no response is required.

4

13.    It is admitted this paragraph contains legal conclusions to which no response is required.

## PARTIES

### *Plaintiffs*

14.    Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required.  It is admitted this paragraph contains legal conclusions to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the allegations in this paragraph, and therefore, deny the same.

15.    Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required.  It is admitted this paragraph contains legal conclusions to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the allegations in this paragraph, and therefore, deny the same.

### *Defendants*

16.    It is admitted that this paragraph references statutes that speak for themselves and require no further response. The remaining allegations in this paragraph are legal conclusions that require no response.

17.    This allegation is neither admitted nor denied, as this pertains to other parties.

5

18.     This allegation is neither admitted nor denied, as this pertains to other parties.

19.     This allegation is neither admitted nor denied, as this pertains to other parties.

20.     This allegation is neither admitted nor denied, as this pertains to other parties.

21.     This allegation is neither admitted nor denied, as this pertains to other parties.

22.     This allegation is neither admitted nor denied, as this pertains to other parties.

23.     It is admitted the statutes referenced in this paragraph speak for themselves and require no further response. It is admitted that Valerie M. Asbell is the District Attorney for Prosecutorial District 7. It is admitted that Robert S. Banks is the District Attorney for Prosecutorial District 35. It is denied that Locke Bell is the District Attorney for Prosecutorial District 38. It is admitted that Ted Bell is the District Attorney for Prosecutorial District 41. It is admitted that Sean Boone is the District Attorney for Prosecutorial District 17. It is admitted that Prosecutorial District 17 includes Alamance County. It is denied that C. Ricky Bowman is the District Attorney for Prosecutorial District 23. It is admitted that T. Lynn Clodfelter is the District Attorney for Prosecutorial District 28. It is admitted the Brady Cook is the District Attorney for Prosecutorial District 27. It is admitted that Avery M. Crump is the District attorney for Prosecutorial District 24. It is admitted that Benjamin R.

David is the District Attorney for Prosecutorial District 6. It is admitted that Jonathan M. David is the District Attorney for Prosecutorial District 15. It is admitted that Satana Deberry is the District Attorney for Prosecutorial District 16. It is admitted that Matthew L. Delbridge is the District Attorney for Prosecutorial District 9. It is admitted that Faris C. Dixon is the District Attorney for Prosecutorial District 3. It is admitted that Susan I. Doyle is the District Attorney for Prosecutorial District 13. It is admitted that Seth H. Edwards is the District Attorney for Prosecutorial District 2. It is admitted that Robert A. Evans is the District Attorney for Prosecutorial District 8. It is admitted that Garry W. Frank is the District Attorney for Prosecutorial District 33. It is admitted that N. Lorrin Freeman is the District Attorney for Prosecutorial District 10. It is admitted that Andrew M. Gregson is the District Attorney for Prosecutorial District 37. It is admitted that Tom E. Horner is the District Attorney for Prosecutorial District 34. It is admitted that Sarah H. Kirkman is the District Attorney for Prosecutorial District 32. It is admitted that Michael K. Hardin is the District Attorney for Prosecutorial District 29. It is admitted that Prosecutorial District 29 includes Hoke County. It is admitted that Ernest R. Lee is the District Attorney for Prosecutorial District 5. It is admitted that Suzanne Matthews is the District Attorney for Prosecutorial District 12. It is admitted that Spencer Merriweather is the District Attorney for Prosecutorial District 26. It is admitted that Michael W. Miller is the District Attorney for Prosecutorial District 39. It is denied that Greg A. Newman is the District Attorney for Prosecutorial District 42. It is admitted that James R. O'Neill is the District Attorney for Prosecutorial District 31. It is admitted that Jason E. Ramey

is the District Attorney for Prosecutorial District 22. It is admitted that Scott Reilly is the District Attorney for Prosecutorial District 36. It is admitted that Trey Robison in the District Attorney for Prosecutorial District 30. It is admitted that W. Reece Saunders is the District Attorney for Prosecutorial District 21. It is admitted that Matthew C. Scott is the District Attorney for Prosecutorial District 20. It is admitted that Roxann L. Vaneekhoven is the District Attorney for Prosecutorial District 25. It is admitted that Michael D. Waters is the District Attorney for Prosecutorial District 11. It is admitted that Ashley Hornsby Welch is the District Attorney for Prosecutorial District 43. It is admitted that William R. West is the District Attorney for Prosecutorial District 14. It is admitted that Todd M. Williams is the District Attorney for Prosecutorial District 40. It is admitted that Robert A. Womble is the District Attorney for Prosecutorial District 1. It is admitted that James R. Woodall is the District Attorney for Prosecutorial District 18. The answers to office holders are subject to change through elections or otherwise. It is admitted that this paragraph references legal actions in Alamance and Hoke Counties, which are public records, speak for themselves and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations in this paragraph and, therefore, deny the same.

## STATEMENT OF FACTS

24.     It is admitted that the former constitutional provisions cited in this paragraph speak for themselves and require no further response.

25.     It is admitted that the former session law cited in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

26.     It is admitted that the United States congressional document referenced in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack knowledge sufficient to admit the truthfulness of the remaining allegations contained in this paragraph, and therefore, deny the same.

27.     It is admitted that the former state constitutional provision and reference article referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack knowledge sufficient to admit the truthfulness of the remaining allegations contained in this paragraph.

28.     It is admitted that the former constitutional provision, law review article, and newspaper article referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal

9

conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack knowledge sufficient to admit the truthfulness of the remaining allegations contained in this paragraph, and therefore, deny the same.

29.     It is admitted that the session law referenced in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack knowledge sufficient to admit the truthfulness of the remaining allegations contained in this paragraph, and therefore, deny the same.

30.     It is admitted that the political publication referenced in this paragraph speaks for itself and requires no further response. DA Defendants lack knowledge sufficient to admit the truthfulness of the remaining allegations contained in this paragraph, and therefore, deny the same.

31.     It is admitted that the political publication referenced in this paragraph speaks for itself and requires no further response. DA Defendants lack knowledge sufficient to admit the truthfulness of the remaining allegations contained in this paragraph, and therefore, deny the same.

32.     It is admitted admit that the political publication referenced in this paragraph speaks for itself and requires no further response. DA Defendants lack knowledge sufficient to admit the truthfulness of the remaining allegations contained in this paragraph, and therefore, deny the same.

33. It is admitted that the political publication referenced in this paragraph speaks for itself and requires no further response. DA Defendants lack knowledge sufficient to admit the truthfulness of the remaining allegations contained in this paragraph, and therefore, deny the same.

34. It is admitted that the political publication and article referenced in this paragraph speak for themselves and require no further response. DA Defendants lack knowledge sufficient to admit the truthfulness of the remaining allegations contained in this paragraph, and therefore, deny the same.

35. It is admitted that the session law referenced in this paragraph speaks for itself and requires no further response. Except as specifically admitted, any remaining allegations contained in this paragraph are denied.

36. It is admitted that the session law referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. Except as specifically admitted, any remaining allegations contained in this paragraph are denied.

37. It is admitted that the session law referenced in this paragraph speaks for itself and requires no further response. Except as specifically admitted, any remaining allegations contained in this paragraph are denied.

38. It is admitted that the state constitutional amendment and case law referenced in this paragraph speak for themselves and require no further response. It is

further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

39. It is admitted that the session law and statute referenced in this paragraph speak for themselves and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

40. It is admitted that the session laws referenced in this paragraph speak for themselves and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required

41. It is admitted that the session laws referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

42. It is admitted that the statute referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this

paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

43.     It is admitted that the statutes and session laws referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

44.     It is admitted that the statutes referenced in this paragraph speak for themselves and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack knowledge sufficient to admit the truthfulness of the remaining allegations contained in this paragraph, and therefore, deny the same.

45.     It is admitted that the letter referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

46.     It is admitted that the statute referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-

275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

47.     Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations contained in this paragraph and, therefore, deny the same.

48.     It is admitted that, upon information and belief, the NCSBE conducted an audit of the 2016 presidential election. It is further admitted that the report and response to public records request referenced in this paragraph speak for themselves and require no further response.

49.     It is admitted the statute referenced in this paragraph speaks for itself and requires no further response. It is admitted the post-election audit report indicates that the NCSBE had "begun referring investigation reports regarding felons to local prosecutors." [DE 1-2, p. 5] DA Defendants lack sufficient information and knowledge to determine the truthfulness of the allegation that the NCSBE referred 441 individuals to the state's District Attorneys, and therefore, deny the same.

50.     It is admitted the report and letters referenced in this paragraph speak for themselves and require no further response.

51.     It is admitted that this paragraph references legal actions in Alamance County which are public records, speak for themselves and require no further response. It is admitted the newspaper articles and census document referenced in this paragraph speak for themselves and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the editorial's content and remaining allegations contained in this paragraph and, therefore, deny the same.

52.     It is admitted the newspaper article referenced in this paragraph speaks for itself and requires no further response. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and therefore, deny the same.

53.     It is admitted the press releases issued by the Southern Coalition for Social Justice, the legal organization representing Plaintiffs in the present lawsuit, referenced in this paragraph speak for themselves and require no further response. It is admitted that this paragraph references legal proceedings in Alamance County, which are public records, speak for themselves, and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA

15

Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and therefore, deny the same.

54.     It is admitted that the news article referenced by this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph references legal proceedings in Hoke County, which are public records, speak for themselves, and require no further response.  Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the remaining allegations contained in this paragraph.

55.     It is admitted that the news article referenced in this paragraph speaks for itself and requires no further response. It is admitted that this paragraph references legal proceedings in Hoke County, which are public records, speak for themselves, and require no further response. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations and, therefore, deny the same.

56.     It is admitted that this paragraph references legal proceedings in Hoke County, which are public records, speak for themselves, and require no further response. It is admitted that the motion, statute, and news article referenced in this paragraph speak for themselves and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is

required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

57.     It is admitted that the news article referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations and, therefore, deny the same.

58.     It is admitted that the affidavit and editorial referenced in this paragraph speak for themselves and require no further response. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations and, therefore, deny the same.

59.     It is admitted that the newspaper article referenced in this paragraph speaks for itself and requires no further response. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations and, therefore, deny the same.

60.     It is denied that Lanisha Bratcher's felony charges remain pending. It is admitted that this paragraph references legal proceedings in Hoke County, which are public records, speak for themselves, and require no further response. It is admitted that the newspaper article referenced in this paragraph speaks for itself and requires no further response. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations and, therefore, deny the same.

17

61.     It is admitted the statute referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

62.     It is admitted the law, statutes, and state constitutional provisions referenced in this paragraph speak for themselves and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. Any remaining allegations contained in this paragraph are denied.

63.     It is admitted that the statute referenced in this paragraph speaks for itself and requires no further response. It is denied that an individual convicted of a disenfranchising crime regains citizenship rights upon his or her "unconditional discharge." It is admitted that the March 28, 2022 Order of the three-judge panel in *Community Success Initiative v. Moore, et al*, 19 CVS 15941 [DE 70-2], and the April 26, 2022 North Carolina Court of Appeals Order [DE 71] govern restoration of citizenship for prospective felon voters, beginning with the 2022 general election. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory

18

allegations to which no response is required. Except as herein specifically admitted, the allegations in this paragraph are denied.

64.    It is admitted that the statute and document referenced in this paragraph speak for themselves and require no further response. It is admitted that the website referenced in footnote 87, "Registering as a Person in the NC Criminal Justice System" https://www.ncsbe.gov/registering/who-can-register/registering-person-nc-criminal-justice-system, explains the state court rulings in *CSI v. Moore* and explains eligibility of felon voters without reference to the term "unconditional discharge." Except as herein specifically admitted, the allegations in this paragraph are denied.

65.    It is admitted that a person convicted of a felony has their rights restored automatically upon completion of their active prison sentence pursuant to the March 28, 2022 3JP Order and is eligible to vote in the 2022 general election and subsequent elections. [DE 70-2, DE 71] It is denied that a person convicted of a felony must complete any period of parole, post-release supervision, or probation before their rights are restored, pursuant to the March 28, 2022 3JP Order. [Id.] It is denied that parole was abolished in 1994 in that parole is still available to persons convicted prior to 1994. It is admitted that the Structured Sentencing Act replaced parole with post-release supervision for convictions occurring after 1994. It is admitted that the documents referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the allegations regarding construction of

N.C. Gen. Stat. § 13-1 by "the State," and therefore deny the same. Except as herein specifically admitted, the allegations in this paragraph are denied.

66.     It is admitted that the deposition testimony referenced in this paragraph speaks for itself and require no further response. DA Defendants lack sufficient knowledge to determine the truthfulness of the allegations and therefore deny the same.

67.     It is admitted that according to current North Carolina sentencing laws, individuals with a record level of I may be sentenced to unsupervised probation upon conviction of a Class H felony, and individuals with a record level of I or II, are eligible to be sentenced to unsupervised probation for conviction of a Class I felony. It is admitted that the report referenced in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains arguments and conclusory allegations to which no response is required. Except as herein specifically admitted, any remaining allegations contained in this paragraph are denied.

68.     It is admitted that the letter referenced in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of allegations regarding "the State," and, therefore, deny the same. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is

20

required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

69.     It is admitted that the letter referenced in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

70.     It is admitted that the standard guilty plea form and statutes referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

71.     It is admitted that the affidavit referenced in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the allegations in this paragraph, and, therefore, deny the same.

72.     It is admitted that the report referenced in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is

required. DA Defendants lack sufficient knowledge to determine the truthfulness of the allegations in this paragraph, and, therefore, deny the same.

73.     It is admitted that the letter referenced in this paragraph speaks for itself and requires no further response. DA Defendants lack sufficient knowledge to determine the truthfulness of the allegations in this paragraph, and, therefore, deny the same.

74.     It is admitted that the statute and report referenced in this paragraph speak for themselves and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the allegations in this paragraph, and, therefore, deny the same.

75.     It is admitted that the report, form, letter and brochure referenced in this paragraph speak for themselves and require no further response. It is further admitted admit that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of the allegations in this paragraph, and, therefore, deny the same.

76.     It is denied that future unintentional violations of N.C. Gen. Stat. § 163-275(5) will occur because, beginning with the 2022 general election, only persons who

vote while actively serving felony prison sentences are subject to prosecution for violation of N.C. Gen. Stat. § 163-275(5). [DE 70-2, DE 71] It is denied that future voters on unsupervised probation are subject to criminal liability for violation of N.C. Gen. Stat. § 163-275(5). It is admitted that the North Carolina Court of Appeals case referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. Except as herein specifically admitted, the allegations in this paragraph are denied.

77. It is denied that it is possible for an individual to mistakenly vote while on parole, probation or post-release supervision for a felony conviction, beginning with the 2022 general election. [DE 70-2, DE 71] It is admitted that there is a section of the NCSBE's website concerning voting after a felony conviction entitled, "*Registering as a Person in the NC Criminal Justice System*." It is denied that a person who is still serving a sentence for an out-of-state or federal felony conviction is ineligible to vote in North Carolina, beginning with the 2022 general election, so long as they are not actively serving a felony prison sentence. [DE 70-2, DE 71] Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations,

and, therefore, deny the same. Except as herein specifically admitted, the allegations in this paragraph are denied.

78.   DA Defendants lack sufficient knowledge of prior versions of the NCSBE's website, so allegations regarding the NCSBE's website are denied. It is denied that the NCSBE's website currently contains the quoted language of ¶ 78. It is denied that an individual with a felony conviction who votes before completing the non-financial terms of his or her sentence is subject to criminal prosecution, beginning with the 2022 general election. [DE 70-2, DE 71] Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

79.   It is denied that the referenced statute is vague. It is admitted that the affidavit referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required.  It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

80.     It is admitted that the report and argument in the legal brief referenced in this paragraph speak for themselves and require no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

81.     It is admitted that the affidavits and transcript from the *CSI* case referenced in this paragraph speaks for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

82.     It is admitted that the statute, law review article, and deposition transcript referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

83.     It is admitted that the statute and transcript from the *CSI* case referenced in this paragraph speak for themselves and require no further response. It is further

admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

84. It is admitted that the transcript referenced in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

85. It is admitted that the argument in the legal brief referenced in this paragraph speaks for itself and requires no further response. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

86. It is admitted that the statutes referenced in this paragraph speak for themselves and require no further response. The document referenced in footnote 130 is unavailable, so the DA Defendants lack sufficient knowledge as to that sentence, and therefore deny the same. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

87.     It is admitted that the statute and report referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.  DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

88.     It is denied that the NCSBE website recommends that individuals with felony convictions obtain documentary proof of sentence completion because the NCSBE website, visited June 14, 2022, does not contain that information. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

89.     It is admitted that the statute referenced in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

90.     It is admitted that the statute, certificate, and website referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

91.     It is denied that individuals who have completed their sentences for felony convictions face prosecution under N.C. Gen. Stat. § 163-275(5). Plaintiffs'

characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

92. It is admitted the September 4, 2020 preliminary injunction in *CSI* speaks for itself. However, it is denied that the *CSI* September 4, 2020 preliminary injunction is currently in effect. Instead, it is admitted that the *CSI* March 28 3JP Order [DE 70-2] and April 26 COA Order [DE 71] currently govern restoration of citizenship rights for individuals with felony convictions in North Carolina. It is admitted that the statute referenced in this paragraph speaks for itself and requires no further response. It is denied that an individual who is on probation is subject to prosecution under N.C. Gen. Stat. § 163-275(5) for voting in the 2022 general election and any future election. It is denied that N.C. Gen. Stat. § 163-275(5) is vague or confusing. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

93.     Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

94.     It is denied that individuals with felony convictions who are not serving an active felony prison sentence are ineligible to vote in the 2022 general election and any subsequent election. It is denied that encouraging individuals with felony convictions who are not serving an active felony prison sentence to register to vote and vote could subject Plaintiffs to criminal liability in the future, beginning with the 2022 general election. It is denied that Plaintiffs could potentially face prosecution under N.C. Gen. Stat. § 163-275(13) for registering an individual to vote so long as that individual is not serving an active felony prison sentence beginning with the 2022 general election. It is admitted that the statute referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

95.     It is denied that it is practically impossible for Plaintiffs to engage in voter registration and get-out-the-vote activities with respect to individuals with felony convictions because individuals with felony convictions living in the community are no longer subject to prosecution under N.C. Gen. Stat. § 163-275(5), beginning with the 2022 general election and all subsequent elections. [DE 70-2, DE 71] It is denied that there is any risk of prosecution under N.C. Gen. Stat. § 163-275(13) to Plaintiffs to assist individuals with felony convictions who are not actively serving a felony prison sentence, beginning with the 2022 general election. [Id.] It is admitted that the statute referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

## CLAIMS

## <u>COUNT ONE</u>

96.     DA Defendants repeat each response as if set forth fully herein.

97.     It is admitted that the constitutional provision and cases referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

30

98.     It is admitted that the statute referenced in this paragraph speaks for itself and requires no further response. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. It is denied that N.C. Gen. Stat. § 163-275(5) is unconstitutionally vague. The remaining allegations contained in this paragraph are denied.

99.     It is admitted that the constitutional provision and cases referenced in this paragraph speak for themselves and require no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. The remaining allegations contained in this paragraph are denied.

100.    It is admitted that the statute referenced in this paragraph speaks for itself and requires no further response. It is further admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. The remaining allegations contained in this paragraph are denied because the March 28 3JP Order [DE 70-2] and April 26 COA Order [DE 71] now provide how an individual may be restored to the right of citizenship. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

101. The allegations contained in this paragraph are denied because the March 28 3JP Order [DE 70-2] and April 26 COA Order [DE 71] now provide how an individual may be restored to the right of citizenship. DA Defendants lack sufficient knowledge to determine the truthfulness of allegations regarding conclusions of the NCSBE and "other State entities," and, therefore, deny the same. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

102. It is denied that the challenged statute is vague or that it fails to pass constitutional muster under the due process clause. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

103. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. This paragraph calls for a legal conclusion and requires no response.

104. Denied.

## COUNT TWO

105. DA Defendants repeat each response as if set forth fully herein.

106. It is admitted that the constitutional provision and cases referenced in this paragraph speak for themselves and require no further response. It is further

admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

107. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

108. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants admit that the statute referenced in this paragraph speaks for itself and requires no further response. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

109. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants deny the remaining allegations in this paragraph.

110. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to

which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

111. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required. DA Defendants lack sufficient knowledge to determine the truthfulness of any remaining allegations, and, therefore, deny the same.

112. Plaintiffs' characterization of N.C. Gen. Stat. § 163-275(5) as "the Strict Liability Voting Law" is a legal conclusion, argument, and conclusory allegation to which no response is required. It is admitted that this paragraph contains legal conclusions, arguments, and conclusory allegations to which no response is required.

113. Denied.

**DA DEFENDANTS DENY ANY AND ALL ALLEGATIONS IN PLAINTIFFS' AMENDED COMPLAINT, INCLUDING ANY ATTACHMENTS OR REFERENCED DOCUMENTS, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, INCLUDING THE RELIEF REQUESTED.**

Case 1:20-cv-00876-LCB-JLW   Document 75   Filed 06/17/22   Page 34 of 37

**FURTHER ANSWERING THE AMENDED COMPLAINT AND AS FURTHER DEFENSES THERETO, DA DEFENDANTS ASSERT THE FOLLOWING**:

## SECOND DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted and, pursuant to Rule 12(b)(6) of the Federal Rules of Procedure, this failure bars Plaintiffs' claims.

## THIRD DEFENSE

Plaintiffs fail to state sufficient allegations to support the exercise of subject matter jurisdiction by the Court over each of the DA Defendants.

## FOURTH DEFENSE

DA Defendants are entitled to the immunity provided by the Eleventh Amendment to the United States Constitution.

## FIFTH DEFENSE

Plaintiffs' claims are not justiciable because they are mooted by the March 28 3JP Order and the April 26 COA Order in *CSI v. Moore*. [DE 70-2, DE 71]

## SIXTH DEFENSE

DA Defendants reserve the right to assert further defenses against Plaintiffs that may become apparent during the course of litigation and discovery.

WHEREFORE, DA Defendants request the following:

1. That the Amended Complaint be dismissed;

2. That the Plaintiffs have and recover nothing from the DA Defendants;

3.  The costs of this action, including reasonable attorney's fees, be taxed to Plaintiffs;

4.  For trial by jury on all issues so triable; and

5.  For such other and further relief to the DA Defendants as the Court deems just and proper.

This, the 17th day of June, 2022.

JOSHUA H. STEIN
Attorney General

/s/ Kathryn H. Shields
Kathryn H. Shields
Special Deputy Attorney General
N.C. State Bar No. 43200
Email: kshields@ncdoj.gov

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
Email: eobrien@ncdoj.gov
North Carolina Dept. of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone:  (919) 716-6800
Facsimile:  (919) 716-6755
*Counsel for District Attorney Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **ANSWER OF DA DEFENDANTS** using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system.

This the 17th day of June, 2022.

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice