UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-cv-876-LCB-JLW

| | |
|---|---|
| NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE, and ACTION, NC, <br><br> Plaintiffs, <br><br> v. <br><br> THE NORTH CAROLINA STATE BOARD OF ELECTIONS; et al., <br><br> Defendants. | **DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |

**NOW COME** Defendants to provide this Joint Response to Plaintiffs' Supplemental Brief in Further Support of their Motion for Summary Judgment, filed on October 3, 2023. [*See* D.E. 105]. Despite Plaintiffs' contentions to the contrary, following the recent amendments to N.C.G.S. § 163-275(5), and with the conclusion of any voting to which the pre-amendment version of that law would apply, Plaintiffs do not retain any "concrete interest" in this litigation. *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013). The Court should therefore dismiss this action as moot.

Up to this point, Plaintiffs have consistently made clear the nature of their interest in this litigation – prospective voters in future elections. Specifically, Plaintiffs alleged their "core missions included increasing political participation among the residents of North Carolina through voter registration and get-out-the-vote-activities." [D.E. 36, ¶ 94; *accord* D.E. 1, ¶¶ 15-16]. According to Plaintiffs, "[t]he risk of criminal prosecution of *prospective* voters" under N.C.G.S. § 163-275(5) had made it "practically impossible for

1

Plaintiffs to continue their efforts to engage in voter registration and get-out-the-vote activities with respect to individuals with felony convictions[.]" [*Id.*, ¶ 95 (emphasis added)]. Plaintiffs asserted more specifically that N.C.G.S. § 163-275(5) caused them to divert time, money, and resources to provide education about its existence. [D.E. 1, ¶¶ 14-15].

Notably, Plaintiffs now refer to pre-amendment section 163-275(5) as simply "the Law." [D.E. 105]. However, they previously and consistently referenced it as "the Strict Liability Voting Law," [*see, e.g.,* D.E. 86], signaling with that moniker what aspect of the law they believed gave rise to its alleged unconstitutionality. In fact, Plaintiffs' arguments that pre-amendment section 163-275(5) is unconstitutional have steadfastly focused on the absence of a scienter element in the statute and the General Assembly not making any substantive amendments to its language since its original passage. [*Id.*].

The General Assembly has now amended section 163-175(5), adding a scienter requirement, and all voting to which the pre-amendment version of that law would apply has concluded. [*See* D.E. 103-1]. In other words, for all future elections, any felon who unlawfully votes cannot be convicted under N.C.G.S. § 163-175(5), unless the government establishes the relevant level of scienter. This fact means Plaintiffs can no longer claim—as they have throughout the life of this case—that the risk that prospective voters will be prosecuted on a strict-liability basis for voting unlawfully means that Plaintiffs must divert resources which would otherwise be used for other voter-education purposes. The fact that this is no longer a viable interest for Plaintiffs dooms their claims.

2

Yet, Plaintiffs contend in their Supplemental Brief that the passage of S.B. 747 fails to fully address their claims, given that North Carolina voters could still face prosecution under pre-amendment section 163-275(5), as there is no statute of limitations for felonies in this state. [D.E. 105, pp. 2-3]. According to Plaintiffs, "[a]s long as the risk of prosecution under the existing Law remains, Plaintiffs' voter organization efforts will be impeded" and "continued prosecutions under the existing Law would cause great voter confusion as to the state of the Law post-January 1, 2024." [*Id.* at 4].

Plaintiffs' contentions in this regard, and the reasoning underlying them, fall flat. This is primarily because Plaintiffs fail to provide any explanation as to how their mission to educate prospective voters about voting in forthcoming elections could possibly be impeded by a law that does not apply to voting in those elections. Indeed, none exists. With the passage of S.B. 747 and the end of any voting to which "the Strict Liability Voting Law" would apply, there is no longer "[a] risk of criminal prosecution of *prospective* voters" under that law. [D.E. 36, ¶ 95 (emphasis added)].

Plaintiffs' reliance on the potential for prosecution of individuals who violated pre-amendment section 163-275(5) in past elections, even after the effective date of the amended statute on January 1, 2024, adds no actual support for their contention that this action is not moot. For the Court to accept Plaintiffs' reasoning, it would also have to accept the illogical proposition that Plaintiffs will retain a concrete interest in the action in perpetuity, even though their specific interest in educating prospective voters will no longer be impeded by this law.

In any event, by introducing a newfound concern about the potential for future prosecutions based upon past violations of pre-amendment section 163-275(5), Plaintiffs are attempting to manufacture a continued concrete interest in this action that their prior allegations and representations simply cannot support.

This action was not brought on behalf of any prospective voter. Plaintiffs are not, and have never claimed to be, felons facing potential prosecution under pre-amendment section 163-275(5), associations whose membership includes such individuals, or organizations whose core missions are focused on those individuals' interests.[1] Nonetheless, Plaintiffs seek to cloak themselves in what is arguably the interest of these non-parties, even though this has never been Plaintiffs' interest in challenging that law. This is evident in the cases Plaintiffs cite in their Supplemental Brief, claiming specifically the cases support their position that because there remains "a risk associated with" pre-amendment section 163-275(5), "the case cannot be deemed moot." [*See* D.E. 105, p. 2]. But these cases are distinguishable and actually support Defendant's position that Plaintiffs no longer have a concrete interest in this case. They were brought by plaintiffs who, unlike Plaintiffs here, were directly subject to the unconstitutional laws they were challenging. [*See id*]. Plaintiffs are not voters potentially subject to prosecution under pre-amendment section 163-275(5). Nor did they bring this action on behalf of those individuals. Instead, the passage of S.B. 747, coupled with the conclusion of any voting to which pre-amendment section 163-275(5) would apply, has removed any concrete interest in

---

[1] Criminal defendants can raise any applicable constitutional challenge in their state-court criminal proceedings.

education of *prospective* voters forming the basis of Plaintiffs' challenge to pre-amendment section 163-275(5). It would be impossible, under these circumstances, for this Court "to grant *any* effectual relief whatever" to *Plaintiffs*—given the particular interest in voter education that they have previously alleged—even assuming arguendo they were to ultimately prevail. *Springer*, 715 F.3d at 540 (internal quotation marks and citation omitted) (emphasis in original).

The so-called "Strict Liability Voting Law" will no longer apply to prospective voters in any of North Carolina's forthcoming elections. As such, Plaintiffs' core missions of educating *prospective* voters can no longer be impeded or effected by that law. Despite Plaintiffs' attempt to manufacture a continued concrete interest, none exists. Accordingly, this Court should dismiss the present action as moot. Fed. R. Civ. P. 12(h)(3); *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") Alternatively, it should deny Plaintiffs' Motion for Summary Judgment for the reasons stated herein and in Defendants' Response to that motion.

Respectfully submitted this the 8th day of November 2023.

        JOSHUA H. STEIN
         Attorney General

        /s/ Terence Steed
        Terence Steed
        Special Deputy Attorney General
        N.C. State Bar No. 52809
        E-Mail: tsteed@ncdoj.gov

        Mary Carla Babb
        Special Deputy Attorney General
        State Bar No. 25731
        mcbabb@ncdoj.gov

        N.C. Department of Justice
        Post Office Box 629
        Raleigh, NC 27602
        Telephone: (919) 716-6567
        Facsimile: (919) 716-6763

        *Counsel for State Board Defendants*

        /s/ Elizabeth Curran O'Brien

        Elizabeth Curran O'Brien
        Special Deputy Attorney General
        N.C. State Bar No. 28885
        Email: eobrien@ncdoj.gov

        N.C. Department of Justice
        Post Office Box 629
        Raleigh, NC  27602
        Telephone: (919) 716-0091
        Facsimile: 919-716-6755

        *Counsel for District Attorney Defendants*

## **CERTIFICATE OF COMPLIANCE WITH COURT ORDER**

Pursuant to the Court's text order entered on October 27, 2023, by the Honorable Joe Webster, magistrate judge presiding, the forgoing Defendants' Response to Plaintiffs' Supplement Brief is five pages, not including the signature block.

This the 8th day of November 2023.

                                        JOSHUA H. STEIN
                                        Attorney General

                                        /s/ Terence Steed
                                        Terence Steed