IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE and ACTION NC, | ) ) ) ) | |
| Plaintiffs, | ) ) | 1:20CV876 |
| v. | ) ) ) | |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS, *et al.*, | ) ) ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiffs' Objection to the Magistrate Judge's Memorandum Opinion and Recommendation brought pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure. (ECF No. 109 at 5.) Plaintiffs' Objection came on for hearing before the undersigned on March 7, 2024. (Minute Entry 03/07/2024). For the reasons that follow, the Court holds that Plaintiffs' Objection is sustained in part, and that the portion of the Magistrate Judge's January 2, 2024, Memorandum Opinion and Recommendation, (ECF No. 107), (the "Recommendation" or the "Magistrate Judge's Recommendation") to which Plaintiffs object is rejected.

I.  **BACKGROUND**[1]

Plaintiffs initiated this action on September 24, 2020, to challenge N.C. Gen. Stat. § 163-275(5) (2019) (the "Challenged Statute"), (ECF No. 1 ¶ 1), a state election law that makes it a Class I felony "[f]or any person convicted of a crime which excludes the person from the right of suffrage, to vote at any primary or election without having been restored to the right of citizenship in due course and by the method provided by law," N.C. Gen. Stat. § 163-275(5) (2019).  Plaintiffs allege that the Challenged Statute is unconstitutional under the Equal Protection and Due Process Clauses of the Fourteenth Amendment and seek a declaration from the Court stating the same.  (ECF No. 36 ¶ 7.)  Plaintiffs submitted their Motion for Summary Judgment on June 15, 2023.  (ECF No. 85.)  After Plaintiff's Summary Judgment Motion was fully briefed by the Parties, the North Carolina General Assembly, on October 10, 2023, enacted an amendment to the Challenged Statute ("Senate Bill 747"), which added a scienter requirement to the Challenged Statute and became effective on January 1, 2024, resulting in the current version of the statute, N.C. Gen. Stat. § 163-275(5) (2024) (the "Amended Statute").  (ECF No. 103 ¶¶ 1–2); *see* S. 747, 2023 Gen. Assem., Reg. Sess. §§ 38, 50 (N.C. 2023); N.C. Gen. Stat. § 163-275(5) (2024).  The Amended Statute only applies prospectively and is not retroactive.  *See* S. 747 § 50.  The North Carolina General Assembly did not repeal the Challenged Statute, meaning that the Challenged Statute remains in force, and alleged offenses which occurred before January 1, 2024, can still be prosecuted under the Challenged Statute.  (Tr. 40–41.[2])

---

[1] Because the Magistrate Judge provided such a complete and exhaustive explanation of the procedural history of this litigation in his Recommendation, (*see* ECF No. 107 at 2–13), none of which has been challenged in this Objection, the Court adopts same here.

[2] Citations to "Tr." are to the Realtime Feed – Unedited/Uncertified Transcript for the March 7, 2024, hearing before this Court.

Before addressing Plaintiffs' Motion for Summary Judgment, on October 27, 2023, the Magistrate Judge set the matter for a hearing and ordered the Parties to submit supplemental briefing to address the possible impact of Senate Bill 747 on Plaintiffs' claims. (Text Order 10/27/23.) Both Parties submitted their supplemental briefing, (*see* ECF Nos. 105; 106), and on November 14, 2023, oral argument took place before the Magistrate Judge, (Text Order 11/14/23). On January 2, 2024, the Magistrate Judge issued his Recommendation, in which he recommended that Plaintiffs' Motion for Summary Judgment be denied as moot and the suit be dismissed for lack of subject matter jurisdiction on the basis that Plaintiffs lacked standing to continue to pursue their claims. (ECF No. 107 at 24.) Because the Magistrate Judge denied Plaintiffs' Motion for Summary Judgment as moot, he did not reach the merits. *See generally id.* Plaintiffs filed their Objection to the Magistrate Judge's Recommendation on January 16, 2024. (ECF No. 109.)

## II. STANDARD OF REVIEW

On review of a magistrate judge's proposed findings and recommendations in dispositive matters, upon a timely objection by either party to the magistrate judge's recommended disposition, the district judge must "make a de novo determination of those portions of the . . . specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019). The district judge "may accept, reject, or modify" the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992).

3

### III. DISCUSSION

In their Objection, Plaintiffs argue that the Magistrate Judge applied the wrong legal standard and wrong burden of proof in analyzing the impact of Senate Bill 747 in this case. (ECF No. 109 at 6.) According to Plaintiffs, the Magistrate Judge improperly conflated the doctrines of mootness and standing, overlooking Supreme Court and Fourth Circuit precedent holding that an intervening development is properly examined under the doctrine of mootness and places the burden on Defendants, not Plaintiffs, to show that Plaintiffs have no concrete interest remaining in the litigation. (*Id.*) Plaintiffs also argue that the Magistrate Judge erred in concluding that they have no remaining concrete interest. (*Id.* at 7–8.) In addition, Plaintiffs argue that the Magistrate Judge erred in not addressing the merits of their claims. (*Id.* at 8.)

In their Response, Defendants contend that the Magistrate Judge applied the correct legal standard when applying the standard of review for standing. (ECF No. 110 at 6.) Defendants argue that, since the Magistrate Judge raised the issue of subject matter jurisdiction *sua sponte*, the burden of proving jurisdiction remained on Plaintiffs. (*Id.* at 10.) Defendants argue that the Magistrate Judge also "correctly determined that . . . 'Plaintiffs fail to establish a concrete interest in this litigation.'" (*Id.* at 13 (quoting ECF No. 107 at 21).) Finally, Defendants assert that the voluntary cessation exception to mootness is inapplicable in this case. (*Id.* at 15.)

#### A. The Jurisdictional Doctrines of Standing and Mootness

Article III of the Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies,'" *Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017) (quoting U.S. Const. art. III, § 2), and the doctrines of standing and mootness derive from that limitation, *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005). The requirement of Article III that limits the jurisdiction of federal courts to "cases or controversies" must continue to be satisfied

4

at all stages of a case. *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017). The standing determination generally "remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (citations omitted). Standing ensures that a plaintiff has "a personal stake in the outcome of the controversy" that is sufficient to warrant the "invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citation and internal quotation marks omitted). Like standing, "[m]ootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings." *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). "A case becomes moot . . . 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) (internal quotation marks omitted) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir.2008)), *abrogated on other grounds by Stinnie v. Holcomb*, 37 F.4th 977 (4th Cir. 2022).

Even when a plaintiff satisfies the requirements of the standing doctrine when litigation commences, a federal court may cease to have jurisdiction when subsequent events render a claim moot. *Pashby*, 709 F.3d at 316 (citing *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011)). While, as argued by Defendants, mootness has been described as "the doctrine of standing set in a time frame," *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997), the Supreme Court has acknowledged that the use of that phrase has caused some confusion and has explained that such a description "is not comprehensive," *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189–90 (2000). According to the Supreme Court, "if mootness were simply standing set in a frame, the exception[s] to mootness . . . could not exist." *Id.* at 190. Exceptions to the mootness doctrine exist that allow claims

5

to remain live even when events occur after litigation commences that would deprive a plaintiff of standing to bring those claims at the outset of a suit. *See id.* at 190–91.

### B. The Magistrate Judge Applied the Incorrect Standard and Accompanying Burden

In the Magistrate Judge's Recommendation, after setting forth the standard of review for summary judgment, the Magistrate Judge stated that "Defendants claim that the passage of Senate Bill 747 has eliminated any concrete interest held by Plaintiffs in the action, and thus they do not have standing to bring a claim, so the case should be dismissed as moot." (ECF No. 107 at 14 (citing ECF No. 106 at 1).) The Magistrate Judge proceeded and stated that the "absence of 'one of the three required elements of Article III standing: (1) injury-in-fact, (2) causation, or (3) redressability,' renders a case moot." (ECF No. 107 at 18 (quoting *Action NC v. Strach*, 216 F. Supp. 3d 597, 612 (M.D.N.C. 2016)).) While the Magistrate Judge acknowledged that mootness is a jurisdictional question that may be raised *sua sponte* by a federal court at any point in a case, (ECF No. 107 at 18), he then proceeded to "address each element required to satisfy *standing*," (*id.* at 19 (emphasis added)), revisiting each standing element and evaluating whether Plaintiffs continue to satisfy the elements after the passage of Senate Bill 747, (*id.* at 19–24). After determining that "Plaintiffs have failed to satisfy the three elements to establish standing," the Magistrate Judge recommended that Plaintiffs' claims be dismissed as moot for lack of subject matter jurisdiction. (*Id.* at 24.) This Court concludes that the Magistrate Judge applied the incorrect standard in arriving at his conclusion that Senate Bill 747 rendered Plaintiffs' claims moot and dismissing the action.

Contrary to Defendants' assertion that it is Plaintiffs that attempt to draw a bright line between the doctrines of standing and mootness, it is the Supreme Court that has now clearly "acknowledged the distinction between mootness and standing," *Friends of the Earth*, 528 U.S.

6

at 191, and has been clear on the difference in the standard that is to apply when mootness is at issue as opposed to when standing is at issue. The Supreme Court has emphasized that "[i]t is the doctrine of *mootness*, not standing, that addresses whether 'an intervening circumstance [has] deprive[d] the plaintiff of a personal stake in the outcome of the lawsuit.'" *W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 719 (2022) (second and third alterations in original) (citations omitted). The Court further stated that the distinction between mootness and standing "matters because the [defendant], not [the plaintiff], bears the burden to establish that a once-live case has become moot." *Id.* (citing *Friends of the Earth*, 528 U.S. at 189; *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (*per curiam*)).[3]

The Supreme Court and the Fourth Circuit have both declared that "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 604 (4th Cir. 2020) (internal quotation marks omitted) (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307–08 (2012)). "A case becomes moot *only* when it is

---

[3] This Court acknowledges that it is only in the context of cases involving voluntary cessation that the Supreme Court has stated that the burden of establishing mootness rests on defendants. *See, e.g.*, *W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 719 (2022); *Fed. Bureau of Investigation v. Fikre*, 144 S. Ct. 771, 778 (2024); *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000); *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (*per curiam*). However, in the mootness analysis in *W. Virginia v. Env't Prot. Agency*, the Supreme Court states immediately after making clear that it is the doctrine of mootness that applies in determining whether an intervening circumstance has caused a plaintiff to lose a stake in the case that it is "the [defendant], and not [the plaintiff], [that] bears the burden." 597 U.S. 697 at 719. The Court proceeds, in a new paragraph, to explain that in the context of voluntary cessation, the burden is a particularly "heavy burden." *Id.* (stating that "the Government, not petitioners, bears the burden to establish that a once-live case has become moot" *before* stating that the "burden is 'heavy' where" the only conceivable basis for a finding of mootness is the Government's voluntary conduct). Further, courts in other circuits, in the context of cases that did not involve the voluntary cessation doctrine, have applied the approach that defendants carry the burden of establishing mootness. *See, e.g.*, *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023); *Campaign Legal Ctr. v. Iowa Values*, No. 1:21-cv-389-RCL, 2023 WL 5651734, at *4 (D.D.C. Aug. 31, 2023). Therefore, this Court will apply the same approach and concludes that Defendants shoulder the burden of establishing mootness.

impossible for a court to grant *any* effectual relief whatever to the prevailing party." *Springer*, 715 F.3d at 540 (internal quotation marks omitted) (quoting *Knox*, 567 U.S. at 307).

Here, the Magistrate Judge never considered that this was a case that had been in litigation for more than three years, that the circumstances of the case may have been altered by a legislative amendment, or that the Supreme Court has specifically held that it is the doctrine of mootness, not standing, that addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit. This was precisely the issue before the Magistrate Judge. Thus, rather than analyze whether Plaintiffs have failed to satisfy the elements of standing, the Magistrate Judge, through the lens of the mootness standard, was required to determine whether Defendants have established that Plaintiffs do not maintain "a concrete interest, however small," in the litigation and whether Defendants have shown that the court does not have the ability "to grant *any* effectual relief" to Plaintiffs. *Springer*, 715 F.3d at 540 (quoting *Knox*, 567 U.S. at 307). As a result, this Court concludes that the Magistrate Judge applied the incorrect standard and burden.

Accordingly, this Court now applies the proper standard and burden under mootness to determine whether Plaintiffs' claims are indeed moot under the circumstances of this case.

### C. The Amended Statute Does Not Moot This Case

Plaintiffs contend that they continue to have a concrete interest in the outcome of the case because "the risk of continued prosecutions under the [Challenged Statute] will adversely impact Plaintiffs' voter organization efforts," generating publicity and voter confusion about the state of the Challenged Statute and discouraging prospective voters from voting altogether. (ECF No. 109 at 13.) Plaintiffs argue that the Magistrate Judge, in concluding that Plaintiffs did not maintain a continuing interest in the litigation, analyzed their interest under the

8

standing doctrine and relied on a case that "did not address the impact of an intervening legislative amendment." (*Id.* at 14.) In addition, Plaintiffs contend that the Magistrate Judge's conclusion that the potential harm to Plaintiffs due to the risk of voter confusion is "speculative" assumes that Defendants will not enforce the Challenged Statute, and that such an assumption is not properly supported in the record. (*Id.* at 7, 17.)

Defendants argue, however, that the Magistrate Judge correctly determined that Plaintiffs do not maintain a concrete interest in the litigation. (ECF No. 110 at 13.) Defendants contend that Plaintiffs' "new alleged injury" after enactment of Senate Bill 747 is hypothetical, (*id.* at 13–14), also pointing out that "Plaintiffs' new theory of injury is, in fact, the interest of . . . non-parties" to the litigation, (*id.* at 15).

The Court visits the Magistrate Judge's analysis in the Recommendation with respect to whether Plaintiffs maintain a concrete interest. In reaching the conclusion that "Plaintiffs have failed to establish a concrete interest in the litigation," (ECF No. 107 at 21), the Magistrate Judge began by stating that "[t]he first standing element requires Plaintiffs to allege a concrete and imminent injury," (*id.* at 19). The Magistrate Judge reasoned that Plaintiffs' "claim that their interest arises from the fact that the old, challenged statute could be applied retroactively to violations from prior elections, which could, in turn, cause confusion among prospective voters and force Plaintiffs to divert resources to address that confusion" is "too speculative to establish a concrete and imminent injury-in-fact." (*Id.* at 20–21.) The Magistrate Judge relied on the case *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013), in this reasoning.[4] (*Id.*)

---

[4] The *Clapper* case on which the Magistrate Judge rested his conclusion that Plaintiffs' "possibility of a future injury" was "too speculative," (ECF No. 107 at 21), is not analogous to the case before this Court. That case concerned future injury in the context of standing and, in fact, involved no aspect

9

As acknowledged by the Supreme Court and the Fourth Circuit, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Grimm*, 972 F.3d at 604 (quoting *Knox*, 567 U.S. at 307–08). This "bar for maintaining a legally cognizable claim is not high," *id.* (quoting *Knox*, 567 U.S. at 307), and "[t]he mootness doctrine . . . constitutes a relatively weak constraint on federal judicial power," as "[a] case becomes moot *only* when it is impossible for a court to grant *any* effectual relief whatever to the prevailing party," *Springer*, 715 F.3d at 540 (quoting *Knox*, 567 U.S. at 307). The fact that the intervening circumstance in this case is a legislative amendment must also be taken into account, since a superseding statute or regulation that changes a prior law must remedy the challenged aspects of the prior law in order for a case challenging that law to be deemed moot. *See Chapin Furniture Outlet Inc. v. Town of Chapin*, 252 F. App'x 566, 570 (4th Cir. 2007) (unpublished) (citing *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000) (noting that "when an ordinance is repealed by the enactment of a superseding statute, then the superseding statute or regulation moots a case only to the extent that it removes challenged features of the prior law") (citation and internal quotation marks omitted)).

Defendants, on the other hand, argue that "[t]he passage of [Senate Bill 747] entirely addresses Plaintiffs' facial constitutional challenge to [the Challenged Statute]." (ECF No. 110 at 1.) In their supplemental briefing before the Magistrate Judge, Defendants argued that because the Amended Statute adds the scienter requirement, Plaintiffs no longer maintain a viable interest, as "Plaintiffs can no longer claim . . . that the risk that prospective voters will

---

of mootness. *See generally Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013). The Court finds that *Clapper* is not applicable to the resolution of the issues in this case.

10

be prosecuted on a strict-liability basis for voting unlawfully means that Plaintiffs must divert resources which would otherwise be used for other voter-education purposes." (ECF No. 106 at 2.) However, to suggest that Plaintiffs' claims are moot solely because the scienter requirement has been inserted is inaccurate. The Magistrate Judge's discussion in the Recommendation does not venture to address whether the addition of the scienter requirement resolves all, or any portion of, the challenged aspects of the Challenged Statute. (*See generally* ECF No. 107.) Nonetheless, there remain challenged aspects of the Challenged Statute that have not been alleviated by the scienter requirement's addition.

In their brief in support of their Motion for Summary Judgment, Plaintiffs argue, among other things, that the Challenged Statute's criminalization of voting before an individual has "been restored to the right of citizenship," N.C. Gen. Stat. § 163-275(5) (2019), is unconstitutionally vague because it "does not provide any guidance on when or how an individual regains those rights," (ECF No. 86 at 28). Plaintiffs argue that use of such "undefined terms . . . fail[s] to give fair warning about what is prohibited." (*Id.* at 29 (internal quotation marks and citation omitted).) The text of that statute, after its amendment, currently reads: "For any person convicted of a crime which excludes the person from the right of suffrage, to vote in any primary or election knowing the right of citizenship *has not been restored* in due course and by the method provided by law." N.C. Gen. Stat. § 163-275(5) (2024) (emphasis added). The Amended Statute still references the restoration of an individual's rights of citizenship without detailing the actual process by which an individual's rights of citizenship are restored, which was an original concern of Plaintiffs with the Challenged Statute before the amendment. Therefore, Plaintiffs' claim that the Challenged Statute is unconstitutionally vague remains an unresolved ground for Plaintiffs' challenge, irrespective

11

of the new scienter requirement in the Amended Statute. Thus, the addition of the scienter requirement did not remedy an aspect of the Challenged Statute that Plaintiffs assert as a ground for the Statute's unconstitutionality.

The continued presence of a challenged aspect of the Challenged Statute notwithstanding the passage of the Amended Statute—which incorporated the scienter requirement—demonstrates that it is certainly possible for the Court to grant effectual relief to Plaintiffs, particularly by declaring the Challenged Statute unconstitutional and enjoining the enforcement of Challenged Statute. *See Chafin*, 568 U.S. at 177 ("[E]ven the availability of a partial remedy is sufficient to prevent [a] case from being moot.") (second alteration in original) (internal quotation marks omitted) (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (*per curiam*)). The Magistrate Judge did not recognize the low bar that must be met to demonstrate a concrete interest under the mootness standard, specifically that a case is only moot if it is "impossible for a court to grant *any* effectual relief whatever to the prevailing party," *Springer*, 715 F.3d at 540 (quoting *Knox*, 567 U.S. at 307), or that the addition of the scienter requirement did not address other challenged aspects of the Challenged Statute. Therefore, this Court concludes that, due to reliance on the wrong standard and burden, the Magistrate Judge improperly concluded that Plaintiffs do not maintain a concrete interest, however small, in this litigation. This Court concludes that Plaintiffs do, in fact, maintain such an interest, that Defendants have not proven otherwise, and that the litigation should proceed to a resolution on the merits, which will be done by separate Order.

For the reasons stated herein, the Court enters the following:

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiffs' Objection to the Magistrate Judge's Memorandum Opinion and Recommendation, (ECF No. 109), is **SUSTAINED IN PART**, and the portion of the Magistrate Judge's January 2, 2024, Memorandum Opinion and Recommendation, (ECF No. 107), to which Plaintiffs object is **REJECTED** as outlined in this Court's Memorandum Opinion and Order. The Court holds that this matter is not rendered moot by Senate Bill 747, and the litigation shall proceed, specifically to address Plaintiffs' Summary Judgment Motion.

This, the 22nd day of April 2024.

/s/ Loretta C. Biggs
United States District Judge
